ARMOUR BROTHERS BANKING COMPANY, *Appellant,* v. THE ST. LOUIS NATIONAL BANK; CAIRNS, *Interpleader.*

Division Two, December 13, 1892.

1. **Corporation**: STOCK: ATTACHMENT: GARNISHMENT. Corporate stock is not subject to attachment or garnishment, unless it is expressly authorized by statute.

2. ——: ——: ——: DOMESTIC CORPORATION. Revised Statutes, 1889, sections 540 and 4,915 and others, relating to sale of corporate stock under attachment and execution, apply only to domestic corporations.

3. ——: ——: ——: FOREIGN CORPORATION. Shares of stock in a foreign corporation cannot be subjected to attachment or execution by the simple seizure of a certificate of stock in this state.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Horatio D. Wood* for appellant.

(1) The laws of this state are broad enough to cover an attachment of stock of a foreign corporation in the hands of a garnishee in this city, where the cer-

tificates of such stock are in the hands of such garnishee. Thompson on Liability of Stockholders, par. 248; Freeman on Executions, par. 348; Cook on Stockholders, par. 483; Revised Statutes, 1889, secs. 539, 540, 543, 4915, 5221. (2) The certificates were constituted by the company the visible representation of the stock, and as between the defendant Smith and the bank the equitable and legal title to the stock passed by his blank indorsement and delivery of the certificates, and this without the transfer being recorded on the books of the company. The defendant was divested of any right or interest in the shares so long as the note remained unpaid. Upon its payment the title of the stock reverts to him. Such indorsement and transfer of the prima facie sufficient to authorize the holder of the company the privileges and benefits original holder was entitled. This constru legal effect of a certificate of stock is now almost as a matter of necessity, both for the corporations and of trade, since stocks in incor companies have become such an important speculation and collateral security. *Strange v. Louis road*, 53 Tex. 169; *Seeligson v. Brown*, 61 Tex. 114; *Bank v. Richards*, 6 Mo. App. 461, 74 Mo. 77; Morawetz on Corporations [1 Ed.] par. 328; *O'Brien v. Cummings*, 13 Mo. App. 197; *Moore v. Bank*, 52 Mo. 379; *McAllister v. Kuhn*, 96 U. S. 89; *Geddes v. Geddes*, 7 Pa. Co. Court, 660; *Wilson v. Railroad*, 18 S. W. Rep. 292.

*Fisse & Allen* and *P. Taylor Bryan* for respondent Cairns.

(1) If the defendant had any interest in the stock evidenced by the certificates in the hands of the garnishee, it was only that of a pledgor, to-wit: An

equitable interest and equity of redemption. *First.* Such an interest cannot be reached by garnishment, as garnishment is strictly a legal remedy. Drake on Attachments, sec. 539; Jones on Pledges, sec. 373; *Lackland v. Garesche*, 56 Mo. 267; *Sheedy v. Bank*, 62 Mo. 17; *Beckman v. Tootle, Hanna & Co.*, 19 Mo. App. 602; *State ex rel. v. Netherington*, 26 Mo. App. 415; *Bank v. Abernathy*, 32 Mo. App. 211; *Atwood v. Hale*, 17 Mo. App. 81; *Winslow v. Fletcher*, 13 American & English Corporation Cases, 39. *Second.* It is a well known rule of garnishments that the garnishee is not chargeable unless defendant could at the time recover of [hi]m what plaintiff seeks to secure by the garnishment. [Drak]es on Attachments, p. 202; *Sheedy v. Bank*, 62 [Mo.;] *McPherson v. Railroad*, 66 Mo. 103; *Farbaugh [v. ] Mo.* 114; *Scales v. Hotel Co.*, 37 Mo. 524. [The at]tempted levy was void, because certificates [of stock] as such are not property. *First.* A mere [shar]e of stock as such is not property. *Foster v. [ ], 37* Mo. 531; Cook on Stockholders, sec. 5; *[Winsl]ow v. Fletcher*, 13 American & English Corpora-[ti]on Cases, 39; *Young v. Iron Co.*, 4 Am. St. Rep. 752; *Duncanson v. Bank*, 18 Dist. Col. 348. *Second.* The property which the shareholder owns does not consist of the certificate, but of the share or interest in the corporate property evidenced by the certificate. Cases cited, *supra; Christmas v. Biddle*, 13 Pa. St. 223; Cook on Stockholders, secs. 10, 485; *Payne v. Elliot*, 54 Cal. 339; *Childs v. Digby*, 24 Pa. St. 23; *Bank v. Bank*, 105 U. S. 217. (3) Shares of stock are not subject either to execution or attachment, except in the state where the corporation is organized. *First.* The *situs* of the stock is at the domicile of the corporation, and such domicile can only be in the sovereignty which creates the corporation. Cook on Stockholders, sec. 485; *Christmas v. Biddle*, 13 Pa. St. 223; *Childs v.*

*Digby*, 24 Pa. St. 23; *Moore v. Gennett*, 2 Tenn. Chanc. 375; *Plimpton v. Bigelow*, 93 N. Y. 592; *Morton v. Graflin*, 13 Atl. Rep. (Md.) 341; *Young v. Iron Co.*, 4 Am. St. Rep. 752; *Tweed v. Bogart*, 15 Atl. Rep. 374; *Winslow v. Fletcher*, 13 American & English Corporation Cases, 39; Drake on Attachments, sec. 244. *Second*. And the location of the certificate is immaterial. *Young v. Iron Co.*, 4 Am. St. Rep. 752; Beach on Corporations, sec. 633. (4) Stock in a corporation could not be levied on under the common law either in Texas or Missouri. *Ins. Co. v. Bower & Co.*, 38 Tex. 230; *Foster v. Potter*, 37 Mo. 529. *First*. The right to levy on stock in a corporation is strictly statutory, and the statutory method must be strictly followed. Drake on Attachments, sec. 244; *Morton v. Graflin*, 13 Atl. Rep. (45 Mich. 204), 342; *Plimpton v. Bigelow*, 93 N. Y. 592. *Second*. This had not been done in the case at bar. Revised Statutes of Missouri, secs. 540, 4924, 4925. (5) Neither the defendant nor the interpleader being in court *in persona* and no *res* being attached, the pretended attachment was *coram non judice*, and the plea to the jurisdiction and the motion to quash were properly sustained. *Sheedy v. Bank*, 62 Mo. 17; *Wilson v. Railroad*, 18 S. W. Rep. 286.

THOMAS, J.—On the twenty-third of October, 1887, the plaintiff company commenced an action of attachment against Charles R. Smith, a non-resident of this state, upon two promissory notes, amounting to over $41,000. A writ of attachment was issued, and on the the same day the sheriff summoned the St. Louis National Bank, as garnishee, which in its answer to interrogations stated that it had in its custody three certificates of stock, numbers 151, 152 and 153, issued to Charles R. Smith by the Colorado, Chicago & Texas

Land, Cattle & Improvement Company, a corporation organized under the laws of Texas, the certificates being for five hundred shares of stock in the aggregate of the par value of $100 each; that these certificates had been deposited with the garnishee as collateral security for a note signed by Smith, payable to J. J. Fisher for $7,000 and by the latter indorsed to the bank; that on December 2, 1889, L. G. Cairns by his agent paid said note of $7,000, but at the same time notified said bank that the amount of the note was tendered and paid by Cairns as the owner of the shares of said stock and not for the benefit, or for account of said Smith; and the garishee prayed that Cairns be permitted to interplead in the cause, and asked leave of the court to deposit the said certificates of stock with the clerk, to be held and disposed of in pursuance of the order of the court. The certificate was thus deposited, the garnishee discharged, and an order made on Cairns to appear and sustain his claim. Smith made default, but Cairns appeared and filed a plea to the jurisdiction of the court as also a motion to quash the return of the sheriff on the writ of attachment, on the ground, among others, that the said certificates of stock were not subject to the process of garnishment; the plea and motion were both sustained, the garnishment proceeding dismissed and plaintiff has appealed.

I. It is a well settled principle of law that stock in a corporation cannot be attached or subjected to a garnishee process unless authorized by express statute. Drake on Attachments, sec. 244; *Foster v. Potter*, 37 Mo. 526; *Plimpton v. Bigelow*, 93 N. Y. 593. And the question presented by this record for decision involves the construction of the several sections of our statute on the subject of the seizure and sale of shares of stock in a corporation under execution and attachment. Section 540, Revised Statutes, 1889,

provides that "shares of stock in any bank, association, joint stock company or corporation belonging to any defendant in any writ of attachment, may be attached in the same manner as the same may be levied upon under execution."

Turning to the statutes in regard to executions, we find that sections 4915, 4924, 4925 and 4953 in substance provide that shares of stock in corporations may be sold under execution; that, when an execution is issued against a person owning shares of stock in any corporation, it shall be the duty of the secretary or other officer to furnish to the sheriff a certificate of the number of shares held by the defendant, with the incumbrance thereon; that the levy shall be made by leaving a copy of the writ with the secretary or other officer with a certificate attested by the officer; that he levies upon and takes such shares to satisfy the execution; and that when such shares are sold the officer shall execute and deliver to the purchaser a bill of sale conveying the same, and leave with the secretary of the corporation a copy of the execution and his return thereon, and the purchaser shall, thereupon, be entitled to all dividends and stock, and to the same privileges as a member of such corporation as the debtor was entitled to.

In regard to these provisions we remark in the first place that in our judgment they apply to domestic corporations alone. It is true, they are general enough to embrace corporations of other states and countries, but their details, prescribing the manner of seizing and conveying the shares of stock, point unerringly, not only to corporations organized under the laws of this state, but also to corporations alone whose place of business is within the county and jurisdiction of the officer making the levy and sale. Beyond question

that provision, requiring the secretary of the corporation to furnish the sheriff with a certificate stating the number of shares held by defendant in the execution, applies to domestic corporations alone, for it can, in the nature of things, have no vigor or force beyond the territorial limits of Missouri. And this is the construction given a statute, couched in somewhat similar language, by the court of appeals of New York in *Plimpton v. Bigelow, supra,* where it is said that such a statute "has an appropriate application to shares of domestic corporations. Such corporations are completely subject to the jurisdiction of our courts, and may be compelled to recognize a title to corporate shares derived under proceedings by attachment. In respect to foreign corporations such power does not exist, and it could scarcely be expected that the courts of another state would recognize a title to corporate stock of its own corporations founded upon a sale under an attachment issued by courts against a non-resident when the only semblance of jurisdiction over the property. was the service of notice in the attachment proceeding upon an officer or agent of the corporation here. * * * The abstract entity—the corporation—is the owner and only owner of the property. * * * We do not doubt that shares for the purpose of attachment proceedings may be deemed to be in the possession of the corporation which issued them, but only at the place where the corporation, by intendment of law, always remains, to-wit, in the state or country of its creation. In all other places it is an alien. It may send its agents abroad as any other inhabitant may do, without passing personally into the foreign jurisdiction or changing its legal residence." And it was accordingly held that the statute applied to domestic corporations alone.

In the second place we say the court acquired no jurisdiction of the *res* in this case, because the levy

of the attachment upon the shares of stock wholly failed to come up to the requirement of the statute. The sheriff did not, could not, comply with that provision requiring him to leave a copy of the writ with the secretary of the corporation. The entity—the corporation—was beyond his bailiwick, and beyond the confines of the state. Nor could the sheriff, for the same reason, make a valid transfer of this stock upon any sale he might make, the statute requiring him not only to deliver to the purchaser a bill of sale, but also to leave with the secretary of the corporation a copy of the execution and his return thereon. The simple seizure and sale of the paper certificate is not enough. Notice to the corporation is essential under our statute to make a valid levy and sale.

II. But it is earnestly insisted that the certificates of the stock were choses in action, and as such were specifically subject to garnishment process under the writ of attachment. There has been much discussion as to the nature of the property of a shareholder in the stock of a corporation. "The right," says the court of appeals of New York in *Plimpton v. Bigelow, supra,* "which a shareholder in a corporation has, by reason of his ownership of shares, is a right to participate, according to the amount of his stock, in the surplus profits of the corporation on a division and ultimately on its dissolution in the assets remaining after the payment of its debts.

Chief Justice SHAW, by way of a definition of a share of stock, says:  "The right is, strictly speaking, a right to participate, in a certain proportion, in the immunities and benefits of the corporation; to vote in the choice of their officers; to share in the dividends of profits and to receive an aliquot part of the capital on winding up and terminating the active existence and operations of the corporation." *Fisher v. Essex*

*Bank*, 5 Gray, 373.    Mr. Justice SHARSWOOD in *Neiler v. Kelly*, 69 Pa. St. 403, says, "a share of stock is an incorporeal, intangible thing."    Judge HOLMES, in *Foster v. Potter*, *supra*, says:    "The property interest of the shareholder is an intangible and invisible thing and cannot be actually seized by the officer."    And again in the same case he says, "such property is neither a specific chattel nor a debt, but a mere chose in action."    But be that right what it may, certificates of stock are not the stock itself—they are but evidence of the stock; and the stock itself cannot be attached by a levy of attachment on the certificate.    As was well said by the supreme court of Pennsylvania, "Stock cannot be attached by attaching the certificate any more than lands situated in another state can be attached by an attachment in Pennsylvania served on the title deeds to such land."    Cook on Corporations, sec. 485.    "Shares of stock in a corporation are personal property whose location is in that state where the corporation is created.    *    *    *    Considered as property separated from its owner, stock is in existence only in the state of the corporation."    Cook on Corporations, sec. 485.

In *Young. v. Iron Co.*, 4 Am. St. Rep. 752, the supreme court of Tennessee said: "If the presence within the state of the stock certificates was essential in determining the *situs* of the stock, then it is admitted that the certificates were, both in contemplation of law as well as in fact, with the person of Powell, who was a non-resident.    But these stock certificates were the mere evidences of the ownership of the shares—*indicia* of his interest in the earnings and profits of the company.    Their seizure by an execution or by an attachment would not be a seizure or levy upon the stock itself without more.    Notice to the corporation, or to the officer having charge of the books of the

company is essential in case of execution.     *     *     *
Hence the locality of the paper certificates, or their
actual seizure, is unimportant.''

In *Foster v. Potter, supra*, this court held that
without an express statute shares of stock even of
domestic corporations could not be seized as personal
property or evidences of debt, and, if this cannot be
done, it is too plain for argument, that the shares of
stock in a foreign corporation cannot be levied on by
simply seizing a certificate which may happen to be in
this state.

It is not necessary in this case to define the limits
of legislative power to authorize the seizure and sale,
under judicial process for the payment of debts, of
certificates of stock of foreign corporations found in
this state.     It is sufficient for our present purpose to
say that the legislature has not yet seen proper to go
that far.     Our statute in regard to the sale of shares
of stock under attachment and execution applies, as we
have seen, to domestic corporations only, and it points
out a specific mode by which the levy and sale must be
made, which in this case was not and could not be
pursued.

The judgment will be affirmed.   All concur.