## CALLANAN v. KEENAN.

(Supreme Court, Appellate Division, Third Department.   July 8, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 525*)—FOREIGN EXECUTORS—RIGHT OF AC-
    TION AGAINST.

> The holder of a chattel mortgage on property in this state, executed
> and delivered in the state, in which the mortgagor contracted for him-
> self, his executors, administrators, or assigns, could maintain an action
> against the mortgagor's foreign executrix for the foreclosure of such
> mortgage, since the general rule that an action will not lie against a
> foreign executor in his representative capacity does not apply to equita-
> ble actions where the representative is brought in for the protection of
> the equities of the estate.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent.
> Dig. §§ 2344–2349; Dec. Dig. § 525.*]

Appeal from Special Term, Washington County.

Action by John J. Callanan against Emily M. Keenan, as executrix
of Daniel F. Keenan, deceased.   From an interlocutory judgment over-
ruling a demurrer to the complaint, defendant appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Charles Irving Oliver, of Albany, for appellant.
Charles S. Motisher, of Albany, for respondent.

WOODWARD, J.   The complaint alleges that on or about the 30th
day of July, 1908, one Daniel F. Keenan, now deceased, formerly of
Philadelphia, state of Pennsylvania, the owner of chattels therein de-
scribed, made, executed, and delivered to the plaintiff, John J. Cal-
lanan, an instrument in writing of which a copy is thereto annexed,
marked "Exhibit A" (and which is a chattel mortgage upon the stone-
crushing plant located at Whitehall, Washington county); that said
mortgage was duly filed in the town clerk's office of the town of White-
hall on the 1st day of August, 1908, where said chattels were situated
at the time of such execution; that the said Daniel F. Keenan and the
said Emily M. Keenan, as executrix of the estate of said Daniel F.
Keenan, deceased, have failed to comply with the conditions of the
said mortgage, etc., although the same has been duly demanded; that
thereafter, and before this action was commenced, the said Daniel
F. Keenan died leaving a will appointing the defendant Emily M.
Keenan his executrix, and that on the 9th day of January, 1911, said
will was duly proved and admitted to probate in the office of the reg-
ister of wills for the city and county of Philadelphia, and letters tes-
tamentary thereupon were thereafter duly issued and granted to this
defendant as sole executrix by the register of wills of said city and
county of Philadelphia, and this defendant thereupon duly qualified
as such executrix and entered upon the discharge of the duties of her
office.   The complaint then demands judgment foreclosing the mort-
gage, and paying the amount of the plaintiff's claim.

The defendant has demurred to this complaint upon the grounds

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(1) that the court has not jurisdiction of the person of the defendant; (2) that the court has not jurisdiction of the subject of the action; (3) that the complaint does not state facts sufficient to constitute a cause of action; (4) that there is a defect of parties defendant in that the heirs at law, next of kin, and personal representatives of Daniel F. Keenan, deceased, are not made parties defendant herein. The demurrer has been overruled, and the defendant appeals to this court, urging that the court has no jurisdiction of the defendant nor of this action, as the defendant is a foreign executrix appointed by and acting under the laws of the state of Pennsylvania, and the defendant as such executrix has not waived her objection to the jurisdiction by appearing specially and demurring on the ground of lack of jurisdiction. There is no doubt that it is the general rule that an action will not lie against a foreign executor in his representative capacity, but there are exceptions to the rule. In actions in equity, where it is necessary to prevent a failure of justice, jurisdiction will be assumed at least so far as the relief to be secured relates to property in the jurisdiction of the court. Bergmann v. Lord, 194 N. Y. 70, 77, 86 N. E. 828, and authorities there cited. Here the contract was made, executed, and delivered in the state of New York, and the mortgage covered personal property constituting a stone-crushing plant located in the town of Whitehall, where, we may assume, the property is still located. There can be no question, therefore, that the court has jurisdiction of the subject-matter of the action, and there can be no question that, if Daniel F. Keenan were still alive, service of the summons and complaint upon him in the manner prescribed by law would give the court jurisdiction in an action to foreclose the chattel mortgage, and no good reason suggests itself why a like jurisdiction does not exist as against the executrix appointed under the will of Daniel F. Keenan. She takes the estate in her representative capacity; she gets title in that capacity to all of the personal property of her testator, but she gets only that title which the testator had and that was subject to the lien of this mortgage. That instrument was made upon the "express condition that if the said Daniel F. Keenan, his executors, administrators or assigns, shall pay to the said John J. Callanan, his executors, administrators or assigns, the sum of thirty thousand dollars," the same should be void and of no effect, and the executrix can have no better title to the property conveyed by this chattel mortgage than her testator had, and she has no right, upon a mere technical plea, to defeat the lien of the plaintiff. The defendant is brought in, not for the purpose of asserting an action at law, but to preserve the equities of the estate, and to enable the plaintiff to secure the payment of an acknowledged indebtedness; and the property, subject to the lien of the mortgage, being within the jurisdiction of the court, it would seem to devolve upon the court to assume jurisdiction of the action for the purpose of reaching substantial justice. The defendant cannot get the property without discharging the lien, and the parties having made and delivered a valid instrument, relating to property within the state, and the plaintiff seeking merely his equitable rights in the property, no good reason suggests itself why the court should not proceed to the fore-

closure of the mortgage. "It is a settled rule of law of this state," say the court in Montgomery v. Boyd, 78 App. Div. 64, 72, 79 N. Y. Supp. 879, 885, "that a domestic creditor of a nonresident decedent will not be compelled to go to a foreign jurisdiction if there be property here which can be applied to the satisfaction of his claim"; and, where the testator has specially provided the property out of which a claim may be satisfied, it would be strange, indeed, if our courts refused jurisdiction for the enforcement of the right merely because the duty which the testator contracted might be discharged by his executor has devolved upon one acting in a representative capacity. The reason of the rule that foreign executors cannot sue or be sued in our courts has no application to an equitable action where the representative is brought in for the protection of the equities of the estate, and when the reason of any law is at an end so is the law. Broom's Legal Maxims (8th Ed.) 159.

The interlocutory judgment appealed from should be affirmed, with costs, with usual leave to defendant to withdraw demurrer and answer on payment of costs in this court and at Special Term. All concur.