ROBERT HOLMES, Individually and as Trustee, et al., Appellants, *v.* HUGH N. CAMP, JR., Individually and as Executor and Trustee under the Will of HUGH N. CAMP, Deceased, et al., Defendants, and GERARD S. PARSONS, as Executor and Trustee under the will of CHARLES B. PARSONS. Deceased, Respondent.

Corporations — stockholder's action — action against directors of a foreign corporation for procuring fraudulent transfer to themselves of stock of domestic corporation then held by the foreign corporation — such action a proceeding in rem — when order of publication may be issued in such action for service of process upon non-resident defendants, individually and as executors of estate of deceased foreign director.

1. On a motion to set aside an order of publication the complaint is not to be judged with the same measure of severity which would be applied on a demurrer or motion directly attacking its form and sufficiency.

2. A stockholder's interest in the capital of a domestic corporation is property situated in this state, and an action affecting the apparent title and true ownership of that interest is one in the nature of a proceeding *in rem* which may be entertained by our courts and in which, under their general powers and under the provisions of subdivision 5 of section 438 of the Code of Civil Procedure, jurisdiction of a non-resident defendant may be obtained by service of a summons by publication. (*Jellenik* v. *Huron Copper Mining Co.*, 177 U. S. 1, followed.)

3. The allegations of the complaint are to the effect that various individuals, including respondent's testator, took advantage of their position as directors of a foreign corporation to procure a fraudulent transfer to themselves of capital stock held and owned by it in a domestic corporation, thereby inflicting injury on stockholders, and that these appellants, owners and holders of stock in both corporations, have vainly attempted to procure action by said corporations to enforce a restitution of such stock as may still be in the possession of the parties who fraudulently procured it or their respective representatives. These facts constitute the substance of a well-recognized cause of action which falls within the equitable jurisdiction of our courts, and which so relates to and affects property within this state that our courts have jurisdiction

thereof and for the purpose of reaching an adjudication may authorize process to be served upon a necessary party although a non-resident and without the state.

4. Section 1836a of the Code of Civil Procedure is remedial and retroactive and a constitutional and proper authorization of an action against foreign executors for the purpose of determining the ownership of property located in our state and within the jurisdiction of our courts, and is broad enough to permit the institution of this suit against respondent. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Provost* v. *International G. S. C. Co.*, 152 App. Div. 83; affirmed on opinion below, 208 N. Y. 635, distinguished.)

5. In exceptional cases suits will be entertained against foreign administrators independent of any statute where it is essential to the administration of justice, and an equity suit for the purpose of determining the ownership of property within our jurisdiction comes within those exceptions.

6. This action is not in violation of the provisions of section 1780 of the Code. Moreover, if the foreign corporation has been improperly joined as a defendant it is for it and not for the respondent to make the claim on this motion.

*Holmes* v. *Camp*, 173 App. Div. 971, reversed.

(Argued October 6, 1916; decided December 5, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1916, which affirmed an order of Special Term granting a motion to vacate and set aside an order directing service of the summons upon the defendant, respondent, without the state by publication.

The following questions were certified: "1. Did the Supreme Court obtain jurisdiction to render in whole or in part the judgment demanded in the complaint in this action by the service of the summons and complaint herein without the state of New York upon the defendant Gerard S. Parsons as sole surviving executor of and as trustee under the last will and testament of Charles B. Parsons, deceased.

"2. Is the stock of the St. Joseph Lead Company, a New York corporation, held by the non-resident defendant Gerard S. Parsons as sole surviving executor of and

as trustee under the last will and testament of Charles B. Parsons, deceased, property within the state of New York within the meaning of sections 438 and 443 of the Code of Civil Procedure?

"3. Can the Supreme Court, in this action brought by a stockholder of the Doe Run Lead Company, determine as against the respondent the question of the ownership of the stock of the St. Joseph Lead Company, a New York corporation, and direct its return to the Doe Run Lead Company from which it is alleged it was obtained by the respondent's testator in fraud of the rights of the Doe Run Lead Company?"

The facts, so far as material, are stated in the opinion.

*Samuel F. Moran* and *Louis B. Grant* for appellants. The shares of stock that the defendant holds in the St. Joseph Lead Company, a New York corporation, which the plaintiffs seek by this action to have restored to the Doe Run Lead Company, are property within this state, and the court obtained jurisdiction to render judgment decreeing the restitution of such stock by the service of the summons on the defendant outside of the state irrespective of the order permitting such service. (Code Civ. Pro. § 438, subd. 5; *U. S. Radiator Co.* v. *State,* 208 N. Y. 144; *Matter of James,* 144 N. Y. 6; *Matter of Bronson,* 150 N. Y. 1; *Matter of Palmer,* 183 N. Y. 238; *Matter of Cooley,* 186 N. Y. 220; Code Civ. Pro. §§ 647, 650; *Plimpton* v. *Bigelow,* 93 N. Y. 592; *People* v. *Griffenhagen,* 167 App. Div. 572; *Matter of Jones,* 172 N. Y. 575; *Miller* v. *Jones,* 67 Hun, 281; *Simpson* v. *Jersey City Contracting Co.,* 165 N. Y. 193; *Lockwood* v. *United States Steel Corporation,* 209 N. Y. 375; *Pennoyer* v. *Neff,* 95 U. S. 714.) The defendant Gerard S. Parsons, as the personal representative of a non-resident decedent, may be sued in his representative capacity and served with process outside of the state of New York. (*Provost* v. *I. G. S. Coaster Co.,* 152 App. Div. 83; 208

N. Y. 635; *Jacobus* v. *Colgate,* 217 N. Y. 235; *Callanan* v. *Keenan,* 158 App. Div. 84; *Bergman* v. *Lord,* 194 N. Y. 77; *Slater* v. *Carroll,* 2 Sandf. Ch. 573.) The court is not without jurisdiction because one of the defendants, the Doe Run Lead Company, is a foreign corporation. (*Miller* v. *Quincy,* 179 N. Y. 294; *Ernst* v. *Rutherford & B. S. Gas Co.,* 38 App. Div. 388; *Trotter* v. *Lisman,* 209 N. Y. 174.)

*David T. Davis* for respondent.. Substituted service upon this respondent cannot be justified under subdivision 5 of section 438 of the Code of Civil Procedure. (*Howland* v. *Corn,* 232 Fed. Rep. 35; *Pennoyer* v. *Neff,* 95 U. S. 714; *Gorham Co.* v. *U. E. & C. Co.,* 202 N. Y. 342; *Freeman* v. *Alderson,* 119 U. S. 185; *Arndt* v. *Griggs,* 134 U. S. 316; *Roller* v. *Holly,* 176 U. S. 309; *Coffin* v. *Lesster,* 36 Hun. 347; *Wetyen* v. *Fick,* 178 N. Y. 223; *Miller* v. *Jones,* 67 Hun, 281; *Chesley* v. *Morton,* 9 App. Div. 461; *Von den Driesch* v. *Rohrig,* 45 App. Div. 526; *Morgan* v. *Mutual Benefit Life Ins. Co.,* 119 App. Div. 645.) Prior to the enactment of section 1836a of the Code of Civil Procedure in 1911 the courts of this state would not have had jurisdiction of this action against this respondent as an executor of a foreign estate and section 1836a cannot be construed as retroactive so as to apply to this respondent who was appointed such executor in 1910 in respect to an alleged cause of action arising in 1902. (*Lyon* v. *Park,* 111 N. Y. 350; *Bergmann* v. *Lord,* 194 N. Y. 70; *Williams* v. *Fischlein,* 144 App. Div. 244; *Montgomery* v. *Boyd,* 78 App. Div. 64; *Collins* v. *Stewart,* 2 App. Div. 271; *Bostwick* v. *Carr,* 165 App. Div. 55; *Fairclough* v. *S. P. R. R. Co.,* 157 N. Y. Supp. 862; *Provost* v. *I. G. S. Coaster Co.,* 152 App. Div. 83.) If section 1836a of the Code of Civil Procedure be construed to permit the bringing of this action against a non-resident executor of a non-resident decedent domiciled in Missouri without the consent

of the state of Missouri to his being sued extraterritorially, then the said section is in violation of the Constitution of the United States. (*International Text Book Co.* v. *Connolly,* 206 N. Y. 188; *Thornburn* v. *Gates,* 225 Fed. Rep. 613; 230 Fed. Rep. 922; *C. F. Stromeyer Co.* v. *Aldrich,* 227 Fed. Rep. 960.) The courts of this state have no jurisdiction over this action because it is brought by a non-resident against a foreign corporation and such an action is not permitted by section 1780 of the Code of Civil Procedure. (*Grant* v. *C. G. Copper Co.,* 126 App. Div. 750; *R. & D. R. C. Mills* v. *Menefee,* 237 U. S. 189.)

HISCOCK, J. The appellants seek to sustain under the provisions of subdivision 5, section 438 of the Code of Civil Procedure, an order permitting service of the summons without the state upon respondent, a foreign executor, and which order has been set aside by the order appealed from. Such section and subdivision provide that "An order directing the service of a summons upon a defendant, by publication, may be made in either of the following cases: * * *

"5. Where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property."

If the appellants are right in their contention that this action was one in which service of the summons could be made by publication under said subdivision, said service might have been made without the order which has been vacated. (Code, section 443, subd. 3.) Nevertheless an order of publication having been obtained and vacated, I shall assume that the various questions argued on this appeal are presented by the order appealed from vacating the order of publication.

While other questions are involved and will be considered, the most important inquiry is the one whether this action does so relate to and affect property within this state that our courts have jurisdiction thereof and for the purpose of reaching an adjudication may authorize process to be served upon a necessary party although a non-resident and without the state. Both parties turn to the complaint as furnishing the test by which to determine this question and I shall do the same. That pleading contains many allegations and some prayers for relief which are so irrelevant to or inconsistent with the appellants' present theory as to suggest either that it was prepared on a different theory than is now adopted, or else without a very accurate conception of what could be accomplished in this action against non-resident and absent defendants. On the motion to set aside the order of publication, however, the complaint was not to be judged with the same measure of severity which would be applied on a demurrer or motion directly attacking its form and sufficiency. If from all of its allegations there can be gathered those which set forth the substance of a cause of action sufficient to sustain in that respect the order of publication which was made, that will be enough. Sifting, then, from the entire complaint those allegations which most tend to set forth a cause of action entitling appellants to an order of publication on their present theory, we find it to be charged in substance against the respondent as follows:

At all the times mentioned in the complaint there were two corporations known, respectively, as the Doe Run Lead Company and the Saint Joseph Lead Company, the former a foreign corporation and the latter a corporation organized under the laws of this state and legally located therein. Several years prior to the commencement of this action the first corporation was the owner and holder of a large amount of the capital stock of the latter corporation and the respondent's testator,

Charles B. Parsons, and various other defendants not present upon this appeal, were directors and in control of the affairs of the first or holding corporation, and under circumstances which made their action fraudulent and unlawful they procured in form a sale by and in behalf of such holding company to themselves of the capital stock of said domestic corporation, the Saint Joseph Lead Company, the amount of stock thus fraudulently procured by various defendants respectively, including respondent's testator, being specifically set forth. While said defendants have disposed of more or less of said capital stock so obtained by them, "some of the certificates representing * * * shares of stock delivered and transferred to the individuals named (including respondent's testator) * * * and some of the certificates representing the accretions thereto in stock dividends, are still held by said individuals or by their executors, legal representatives and trustees of those of them who are dead." The appellants at and before the commencement of the action were the owners and holders of a large amount of the capital stock of the domestic corporation and one of them the owner and holder of capital stock in the foreign corporation; the domestic corporation was also the owner and holder of nearly all of the capital stock of the foreign corporation. Prior to the commencement of the action a demand was made upon each of said corporations that proper proceedings be instituted to compel the restitution upon proper terms by respondent and the other defendants to the foreign corporation of the capital stock of the domestic corporation originally owned by the former and as alleged fraudulently secured from it by said defendants or the various testators represented by them respectively, but no action was taken by either corporation in response to said demand, and for that reason the foreign corporation was joined as a defendant. Amongst the other prayers for relief is one for a decree "directing the restitution to Doe Run Lead Company of

all of said stock found to be in the possession or under the control of any of the defendants," and for "such other and further relief by way of interlocutory decree or final judgment as may be equitable and just."

More briefly summarized, these allegations are to the effect that various individuals, including respondent's testator, took advantage of their position as directors of the foreign corporation to procure a fraudulent transfer to themselves of capital stock held and owned by it in the domestic corporation, thereby inflicting injury on stockholders, and that these appellants being the owners and holders of stock in both corporations, and having vainly attempted to procure action by said corporations to enforce a restitution of said property, now bring an action in behalf of said injured corporation to effect restitution of such stock as may still be in the possession of the parties who fraudulently procured it or their respective representatives through relieving it from the effect of the fraudulent transfer. Those facts constitute the substance of a well-recognized cause of action which falls within the equitable jurisdiction of our courts.

But for the purposes of this appeal the particular inquiry also presents itself whether an interest in the capital stock of a domestic corporation is property having its location or situs in the state wherein the corporation is organized or located, for of course it must be conceded that the allegations of the complaint which have not been summarized and which would lead, if anywhere, to a personal judgment against the respondent cannot sustain an order for service of the summons by publication. Such order in this case must rest upon a cause of action affecting property located within the state and within the jurisdiction of our court.

The essential characteristics of an interest in the capital stock of a corporation have been so well and often defined that it is unnecessary to spend any considerable time in traveling over the ground now. Outside of his

interest in current profits, the stockholder has an undivided interest in the surplus of assets over liabilities which is ordinarily represented by certificates. His property, however, consists of his interest in such surplus, and these certificates for ordinary purposes represent but do not constitute his interest. The general principles covering such subject were last defined by this court in *U. S. Radiator Co.* v. *State of N. Y.* (208 N. Y. 144). Recognizing these general principles it has been established by many decisions that in the absence of some statutory provision the interest of a stockholder in the capital of a corporation may be regarded as property located where the corporation is organized and exists, and in that jurisdiction may be reached by appropriate proceedings.

Our statutes pertaining to attachments provide that "The rights or shares which the defendant has in the stock of an association or corporation * * * may be levied upon; and the sheriff's certificate of the sale thereof entitles the purchaser to the same rights and privileges, with respect thereto, which the defendant had when they were so attached." (Code of Civil Procedure, section 647.)

"A levy under a warrant of attachment must be made as follows: * * * Upon other personal property, by leaving a certified copy of the warrant, and a notice showing the property attached * * * if it consists of a right or share in the stock of an association or corporation, * * * with the president, or other head of the association or corporation." (Code Civ. Pro., section 649.)

In *Plimpton* v. *Bigelow* (93 N. Y. 592–600) it was said: "The right of a shareholder is derived from the corporation under its charter, or the laws of the State which created it. * * * It seems impossible to regard the stock of a corporation as being present for the purpose of judicial proceedings, except at one of two places, viz.: The place of residence of the owner or the place of the residence of the corporation."

In *Jellenik* v. *Huron Copper Mining Co.* (177 U. S. 1) it was held that certificates of stock are only evidence of the ownership of the shares and the interest represented by the shares is held by the company for the benefit of the true owner and as the habitation or domicile of a corporation is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is. (See, also, *Ashley* v. *Quintard*, 90 Fed. Rep. 84; *Cord* v. *Newlin*, 71 N. J. L. 438; *Lipscomb* v. *Condon*, 56 W. Va. 416; *Pinney* v. *Nevills*, 86 Fed. Rep. 97; *McKane* v. *Burke*, 132 Fed. Rep. 688; *Wait* v. *Kern River M.*, etc., *Co.*, 157 Cal. 16; *Ireland* v. *Globe Milling*, etc., *Co.*, 19 R. I. 180; *N. J., S. & W. Co.* v. *Traders' Deposit Bank*, 104 Ky. 90; *Chesapeake, etc., R. R. Co.* v. *Paine & Co.*, 29 Grat. [Va.] 502; *Evans* v. *Monot*, 4 Jones Eq. [N. C.] 227; *Winslow* v. *Fletcher*, 53 Conn. 390; *Armour Bros. Banking Co.* v. *St. Louis Nat. Bank*, 113 Mo. 12; *Smith* v. *Downey*, 8 Ind. App. 179; *Nat. Bank of New London* v. *L. S. & M. S. R. Co.*, 21 Ohio St. 221.)

We have not overlooked the case of *Simpson* v. *Jersey City Contracting Co.* (165 N. Y. 193), where it was held by a divided court that certificates of stock of a foreign corporation belonging to a non-resident in the possession of a resident of this state as security for a debt and the interest of the owner or pledgor therein was a property right within the state which might be levied upon under warrant of attachment. While that decision perhaps is in conflict with some of the cases cited which hold that certificates of stock are not property and subject to proceedings in the state wherein they are located, I do not see that it in any manner conflicts with the proposition established by so many decisions that the interest of a stockholder in a domestic corporation is property which may be regarded as having its situs in this state.

Determining, therefore, that a stockholder's interest in

the capital of the domestic corporation, the Saint Joseph Lead Company, is property situated in this state, it seems clear that such an action as this affecting the apparent title and true ownership of that interest is one in the nature of a proceeding *in rem* which may be entertained by our courts and in which under their general powers and under the provisions of subdivision 5 of section 438, already quoted, jurisdiction of a non-resident defendant may be obtained by service of a summons by publication. If specific authority is needed for this proposition it may be found in various decisions. The *Jellenik* case, already cited, is one of these. A contest there arose between the plaintiff who was a non-resident of the state of Michigan and certain defendants who were residents of the state of Massachusetts concerning the true ownership of stock in a Michigan corporation and the certificates for which interest were held by the Massachusetts parties. Announcing the principle already stated that the stockholder's interest represented by the shares was held by the company for the benefit of the true owner and had its property location in the state wherein the corporation was incorporated and created, it was held that an action might there be brought to determine who was the real owner of such interest. The same principle is in effect adjudicated in *Pennoyer* v. *Neff* (95 U. S. 714), where it is held that the state having within her territory property of a non-resident may hold and appropriate it to satisfy the claims of her citizens against it, and her tribunals may inquire into his obligations to the extent necessary to control the disposition of that property. Substituted service by publication is sufficient to inform a non-resident of the object of proceedings taken, where property is once brought under the control of the court by seizure or some equivalent act.

In *Patterson* v. *Farmington Street Ry. Co.* (76 Conn. 628), which was an action in equity to determine the title to stock of a Connecticut railroad, the record owners

of which were non-residents and served by publication, the court said: "We cannot doubt that an action calling upon our courts to enforce equitable liens, adjust equitable interests in such property, and to compel the registry on the books of the company of the legal title in the owner of the property, as determined by the court, is in the nature of a proceeding *in rem*, which justifies a court, in a proceeding against property within its jurisdiction, in binding all persons with respect to their interest in that property, upon giving them reasonable notice in the manner prescribed by law, and is fully consistent with the principle recognized in *Pennoyer* v. *Neff*, 95 U. S. 714."

In *Sohege* v. *Singer Mfg. Co.* (73 N. J. Eq. 567), which was an action of a like nature, it was said: "It appears that the shares in suit are shares of a New Jersey corporation having a *situs* here for purposes of attachment or other seizure by the courts of this state; they are in fact in such a situation as that the courts of this state may for many purposes obtain and hold control over them. * * * The subject-matter of this suit is within the general equity powers of courts of chancery. If the necessary parties are present a decree may undoubtedly be made which will dispose of the controversy. One of the questions in this case is whether the seizure of the subject-matter of the litigation gives the court jurisdiction to dispose of the property which it has in its custody without personal service of process within the jurisdiction on the defendants holding the paper title. * * * Such service (substituted service) may also be sufficient in cases where the object of the action is to reach and dispose of property in the state or some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners. * * * In other words, such service may answer in all actions which are substantially proceedings *in rem*." (See, also, in addition to cases already cited, *Morgan* v. *Mutual Benefit L. Ins. Co.*, 189 N. Y. 447; *People's Nat. Bank* v. *Cleveland,*

117 Ga. 908; *Richardson* v. *Busch*, 198 Mo. 174; *Gamble* v. *Dawson*, 67 Wash. 72.)

It is possible that the practical benefits of any judgment which appellants may obtain in this action may be substantially curtailed through transfer of the certificates representing the stockholders' interest which is the subject of this suit because of the possession by said certificates of some of the characteristics of negotiability. Those questions of course are not now before us and are not to be considered. The possibility of our courts being engaged in rendering futile judgments in such an action as this where there are outstanding certificates not within its jurisdiction or control is now and for the future limited by our adoption of the Uniform Stock Transfer Law with its various provisions relating to proceedings against the interest of a stockholder represented by such outstanding certificates.

There remain to be considered two further claims made by the respondent in denial of the right of appellants to maintain this action.

The respondent received his letters testamentary from the courts of another state. It may be assumed that ordinarily courts of one state will not entertain jurisdiction of a suit against executors appointed in another state and affecting the administration of the assets confided to their care, and it is in reliance upon this general principle that the argument is now made by the respondent that this action cannot be maintained against him. I do not think that it is sustainable in this action.

In the first place, the appellants rely for an answer upon section 1836a of the Code of Civil Procedure which provides that "An executor or administrator duly appointed in any other state, * * * of the United States * * * may sue or be sued in any court in this state in his capacity of executor or administrator in like manner and under like restrictions as a nonresident may sue or be sued, if, within twenty days" a copy of the letters testamentary

or administration duly authenticated be filed as in said section provided. It is alleged in the complaint that such letters have been so filed, and without attempting to discuss in detail respondent's argument to the contrary, I think that the allegations show the requisite authentication thereof. Said section is broad enough to permit the institution of this suit against respondent, and whether or not there be constitutional objections to the application of said section in other cases, I have no doubt that it is a constitutional and proper authorization of an action against foreign executors for the purpose of determining the ownership of property located in our state and within the jurisdiction of our courts.

But in the next place and independent of any statute and without questioning the general rule, I regard it as established that in exceptional cases suits will be entertained against foreign administrators where it is essential to the administration of justice, and an equity suit for the purpose of determining the ownership of property within our jurisdiction in my opinion comes within those exceptions. (*Callanan* v. *Keenan,* 158 App. Div. 84; *Bergmann* v. *Lord,* 194 N. Y. 70.)

We also agree that section 1836a merely related to procedure and was remedial and retroactive to the extent of being applicable to the facts of this case and entirely unlike the statute under discussion in *Jacobus* v. *Colgate* (217 N. Y. 235. *Provost* v. *International G. S. C. Co.,* 152 App. Div. 83; affirmed on opinion below, 208 N. Y. 635.)

The other claim urged is that the appellants being non-residents of the state, this action against the Doe Run Company, a foreign corporation, is in violation of the provisions of section 1780 of the Code, which provides that an action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation or by a non-resident in certain specific cases which do not include the present one. I think there are several effective answers to this proposition.

*First.* While it is not necessary finally to decide that question it may be fairly debated whether the Doe Run Company is to be regarded as a defendant for the purposes of this section. The action which plaintiffs seek to maintain is not hostile to it, but for its benefit. If appellants are correct in their claims, it should be and really is a plaintiff in interest in this action and it is joined as a defendant simply because of its refusal to maintain the action and without any impairment of the fact that such action is not against it but in its behalf.

*Second.* I do not believe that said section applies to a case where our courts having possession and jurisdiction of property are attempting to determine its ownership, and the presence of a foreign corporation as a formal party at least is necessary to the complete disposition of a case and to the accomplishment of justice. (*Trotter* v. *Lisman*, 209 N. Y. 174.)

And in the third place and irrespective of these answers, it would seem to be clear that if an attempt has been made improperly to bring an action against said corporation it is the one to make this claim and the present respondent is not interested in so doing on this motion.

In accordance with these views it is concluded that the orders of the Special Term and of the Appellate Division, respectively, should be reversed, with costs in both courts, and the motion denied, with ten dollars costs, and that of the questions certified to us the second and third ones should be answered in the affirmative and the first one should not be answered because it assumes facts which do not appear in the record.

CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Orders reversed, etc.