H. Randolph Guggenheimer, Plaintiff, *v.* Beaver Board Companies and Others, Defendants.*

Supreme Court, New York County, January 31, 1930.

*John J. Kirby*, for the plaintiff.

*Cravath, de Gersdorff, Swaine & Wood*, for the defendants.

Glennon, J.  This motion is made by the defendant the Beaver Board Companies for an order vacating and setting aside the alleged service of the summons and complaint upon it upon the ground that the court has no jurisdiction over the Beaver Board Companies; that said defendant at the time of the service of the summons and complaint was not present and is not now present within the State of New York; and that it has not consented to the jurisdiction of this court.   The Beaver Board Companies is a corporation organized under the laws of Delaware.   It concedes that up to the year 1922 it did business in the State of New York.   At about that time it ceased to do business and became a holding corporation for subsidiary corporations which it controlled.   The Beaver Board Products Company, Inc., a New York corporation, carried on the business or was what may be termed the asset company.   The Beaver Board Companies controlled all of the stock of the Beaver Board Products Company, Inc., and the officers of both companies were

---

* Affd., 229 App. Div. 717.

identical. This action is brought by plaintiff individually and for the benefit of all other stockholders of the Beaver Board Companies to have another defendant, the Certain-Teed Products Corporation, return to the Beaver Board Companies and its subsidiary, the Beaver Products Company, Inc., all of the assets and business alleged to have been transferred to that defendant received by them under a contract made and executed in or about January, 1928. This agreement plaintiff alleges was made in bad faith and for an inadequate consideration by the directors and voting trustees with intent to defraud the common stock and certificate holders, and for the benefit of the owners and holders of bonds, notes and preferred stock, with the knowledge and connivance and through the instigation of the defendants so far mentioned, together with the individual defendants. Prior to bringing this action plaintiff made a demand upon the Beaver Board Companies and the Beaver Products Company, Inc., to bring an action for the restoration of the assets as mentioned which they neglected and refused to do.

The only question raised on this motion is the jurisdiction of this court over defendant Beaver Board Companies. The manner of service of process is not questioned. Under ordinary circumstances it is unquestionable that this court would lack jurisdiction. The Beaver Board Companies has not conducted business in this State since the year 1922, with the exception of a few isolated transactions here and there. After the execution of the contract upon which the present suit is founded it dissolved under the laws of Delaware. Plaintiff disputes the validity of the dissolution, but so far as concerns this motion the point is immaterial. Thus we have a foreign corporation that has not done business in the State for a period of years and has in fact dissolved. There are innumerable authorities holding that under such conditions a corporation is not amenable to the laws of this State. However, in the present case we have a unique situation. The officers of the moving defendant and of the codefendant Beaver Board Products Company, Inc., have, according to plaintiff's version, deprived some of the stockholders and the corporation to which they are responsible of property. By the present motion they seek to avoid answering for their misdeeds. They cannot be compelled under any law to bring the action which plaintiff has been forced to bring in his own behalf and in behalf of the other stockholders. Really, though defendants Beaver Board Companies and Beaver Board Products Company, Inc., are named as defendants in the action, they are but nominal defendants. When the nature of the action is analyzed they are in fact the parties plaintiff. The court has jurisdiction over the Beaver Board Products Company, Inc., a New York corpora-

tion. Thus, when it is considered that the New York corporation, the asset company, really held the property, and the Beaver Board Companies, the Delaware corporation, simply held the stock of the New York corporation, it may well be said that the properties in dispute in the present action were the properties of the New York corporation, and, therefore, can be controlled by the court in the present action. These two considerations, namely, that the moving defendant is really a party plaintiff and that the property in dispute is under the jurisdiction of the New York court, find approval in the case of *Holmes* v. *Camp* (219 N. Y. 359, 373), in which a very similar situation was presented. Likewise the Court of Appeals in a recent case (*Gaboury* v. *Central Vermont Ry. Co.*, 250 N. Y. 233, 236), on the subject of service of process in New York on a foreign corporation, has stated: "A foreign corporation, to be subject to the service of process in New York, must have so acted as to have subjected itself to the jurisdiction of the State. It does so act when at the time of service it is doing business within our borders under the protection of our laws. Even then, there are nice distinctions as to the extent of its submission when the cause of action is unrelated to the business here transacted. (*Penn. Fire Ins. Co.* v. *Gold Issue Mining Co.*, 243 U. S. 93; *Bagdon* v. *Phila. & R. C. & I. Co.*, 217 N. Y. 432; distinguishing *Old Wayne M. L. Assn.* v. *McDonough*, 204 U. S. 8, and *Simon* v. *Southern Ry. Co.*, 236 U. S. 115; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Reynolds* v. *Miss., K. & T. Ry. Co.*, 228 Mass. 584; and cf. *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100; *Phila. & Reading Ry. Co.* v. *McKibbin*, 243 id. 264, 268; *Mitchell Furniture Co.* v. *Selden Breck Co.*, 257 id. 213, 215; *Davis* v. *Farmers' Co-op. Eq. Co.*, 262 id. 312, 317; *Atchison, etc., Ry. Co.* v. *Wells*, 265 id. 101.) It does not so act when at the time of service it is no longer exercising its corporate powers within the State, or has withdrawn to its domicile. There may be exceptions even to this if the cause of action is so related to business previously done as to make it unjust or unreasonable to counteract the earlier submission by nonuser or withdrawal. (*Mut. Reserve F. L. Assn.* v. *Phelps*, 190 U. S. 147; *Woodward* v. *Mutual Reserve Life Ins. Co.*, 178 N. Y. 485; *Mutual Reserve Life Ins. Co.* v. *Birch*, 200 U. S. 612, affg. 181 N. Y. 583; *Hunter* v. *Mutual Reserve Life Ins. Co.*, 218 U. S. 573, affg. 184 N. Y. 136; *Chipman, Ltd.,* v. *Jeffrey Co.*, 251 U. S. 373.) Broadly speaking, we may say, however, that, apart from exceptional conditions, submission to the jurisdiction is dependent upon presence within the State, and presence within the State imports the use of corporate power by corporate representatives. The service of this summons must answer to that test."

I am of the opinion that this case falls within the class of exceptions mentioned in *Gaboury* v. *Central Vermont R. Co.* and *Holmes* v. *Camp* (*supra*). Here the cause of action is so related to the business done, namely, negotiations for and the execution and performance of the contract to January, 1928, as to make it unreasonable and unjust to permit the present defendant to avoid jurisdiction upon a super-technical point. The contract, its execution and performance, was business done within the State. The properties covered by the contract were owned by the New York corporation and are, therefore, within the control of this court. Jurisdiction has been obtained over the New York corporation, and it is bound to carry into effect any decree that the court may render. The moving defendant, the Beaver Board Companies, is only a formal party defendant and in reality a party plaintiff. An identical board of officers controlled the New York corporation and the Beaver Board Companies. Under such circumstances it would be unjust and inequitable to say that plaintiff cannot acquire jurisdiction over the present moving defendant although process has been properly served upon it. If defendant has a valid defense to the charges outlined in the complaint, it should in fairness to all parties concerned be delighted with the opportunity to appear in the action and justify its conduct rather than to attempt to frustrate endeavors of stockholders in their attempts to reclaim for the corporation valuable assets. Plaintiff is not seeking to deprive the corporation of any property. He is simply seeking to have returned assets which he claims rightfully belong to the corporations and which they, regardless of the rights of their stockholders, have fraudulently transferred. The Beaver Board Companies urges the point that if the *status quo* is to be restored it must tender back the money received by it, and likewise the agreement of the Certain-Teed Products Corporation to assume the liabilities of the Beaver Board Companies will be voided. I do not think that the return of the consideration or the voiding of an assumption of liabilities can be considered a deprivation of property. They were brought about by what the plaintiff claims was a fraudulent contract. They were the fruits of wrongdoing, and not what the corporation was properly entitled to receive. Finally, the presence of the corporation as a formal party defendant is necessary to the complete disposition of the case and the accomplishment of justice as stated in *Holmes* v. *Camp* (*supra*) and I believe that on the facts as they appear in this case no constitutional right of the Beaver Board Companies is violated, and that this court has and should retain jurisdiction over it.

The motion, therefore, is denied, with ten dollars costs.