(9 App. Div. 461.)

## CHESLEY v. MORTON.

(Supreme Court, Appellate Division, First Department.　October 23, 1896.)

SUMMONS—SERVICE BY PUBLICATION.

　　Defendant, a nonresident, may be summoned by publication under Code Civ. Proc. § 438, subd. 5, authorizing an order of publication where the complaint demands that a lien on property within the state be enforced, and section 439, requiring the order to be founded on a complaint showing "a sufficient cause of action against defendant," the complaint alleging a partnership between plaintiff's intestate and defendant, which was dissolved by mutual agreement, failure of defendant to surrender an account of the firm's affairs demanded by plaintiff, indebtedness of defendant to the partnership, and existence of assets of it within the state; and the prayer being for an account of the partnership transactions, payment by defendant to plaintiff of the sum found due on the account, appointment of a receiver of the assets, and an injunction; and it is immaterial that the prayer is not only for enforcement of the lien on partnership assets, but for personal judgment, which the court cannot give without personal service of the defendant.

Appeal from special term, New York county.

Action by George W. Chesley, administrator of William P. Chesley, deceased.　From an order vacating an order directing service of summons by publication, plaintiff appeals.　Reversed.

　　The complaint alleges the existence of a co-partnership between the defendant, a resident of Massachusetts, and the plaintiff's intestate, William P. Chesley, which was dissolved by mutual consent on April 4, 1892; that said firm did business in the cities of New York and Boston; that William P. Chesley died on October 12, 1895, and plaintiff was thereafter appointed his administrator by the surrogate's court of the county of New York; that on December 17, 1895, plaintiff demanded an accounting as to the affairs of the firm, which the defendant has failed to render; that the defendant is largely indebted to the co-partnership; and that there are assets of the co-partnership within the state of New York. The judgment demanded is, that an account be taken as to all the transactions of the co-partnership, and that the defendant pay to the plaintiff the sum found due upon such accounting; also that a receiver be appointed of the assets of the co-partnership, "with the usual powers and duties and under the usual directions," and that the defendant be restrained from interfering with or disposing of the same.

Argued before BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

John W. Fiske, for appellant.

John N. Blair, for respondent.

　　BARRETT, J.　Section 438 of the Code of Civil Procedure authorizes the granting of an order of publication, among other cases: "(1) Where the defendant to be served, * * * being a natural person, is not a resident of the state. * * * (5) Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in, or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property." Section 439 limits section 438 by providing that "the order must be founded upon a verified complaint, showing a sufficient cause of action against the defendant to be served." This latter section, it has been held, requires not only that

the facts alleged shall show a cause of action, but also that such cause of action shall be one of which the court where suit is brought may take cognizance. Bryan v. Publishing Co., 112 N. Y. 382, 19 N. E. 825; Paget v. Stevens, 143 N. Y. 172, 38 N. E. 273. The court may lack jurisdiction either, as in the Paget Case, through statutory limitations placed upon its power; or, as in the Bryan Case, by reason of the absence from this state of the person sued or the subject-matter of the action. Where suit is brought against a nonresident by substituted service, it must partake of the nature of an action in rem, or jurisdiction will not be acquired to render a valid judgment. Pennoyer v. Neff, 95 U. S. 714. In that case Mr. Justice Field observed:

"It is true that, in a strict sense, a proceeding in rem is one taken directly against property, without reference to the title of individual claimants; but in a larger and more general sense the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien."

It will be seen that the learned justice mentions only attachment suits, and such suits as would come within the purview of subdivision 5 of section 438 of our Code. We think the plaintiff in the present action was entitled to an order of publication under this 5th subdivision of section 438.

The complaint, when scrutinized, will be seen to have two aspects. It seeks to obtain a judgment against the defendant for the amount claimed to be due by him to the firm of Morton & Chesley. In this aspect it is purely personal in its nature. But the demand for a receiver of the partnership effects, with power to sell, shows that more is sought than a merely personal judgment. There can be no doubt that a member of a dissolved partnership has a lien upon its assets. He is not compelled to rely upon the solvency of his co-partner, but is entitled to the specific application of the joint assets to the payment of the sum due him upon the dissolution. Lindl. Partn. (6th Eng. Ed.) pp. 385, 542; Story, Partn. §§ 97, 347; Taylor v. Neate, 39 Ch. Div. 538. The demand of the receivership and injunction is here made in order to effectuate this lien, and the relief prayed for is justified by the allegations of the complaint. Regarding the plaintiff's suit in this aspect, —that is, as one brought to enforce a lien upon the partnership assets in this state,—it comes precisely within the provisions of subdivision 5 of section 438 of the Code; and there can be no doubt that it is an action of the class which may be begun through service by publication. Specific property within the limits and jurisdiction of this state is sought to be subjected to a lien in favor of the plaintiff,—one of the actions particularly mentioned in Pennoyer v. Neff.

But one further question remains to be considered. The plaintiff demands a greater measure of relief than could be given him in an action begun without personal service of the summons. Is it essential to the granting of the order that the action, in all its aspects, be maintainable here? We think not. Section 439 of the Code requires the complaint to show "a sufficient cause of action against the defendant to be served." This the present complaint does. It de-

mands a measure of relief which the court is competent to grant, together with more which it is not. It frequently happens, however, especially in equity suits, that more is asked than the facts proved permit the court to grant. This, however, is no obstacle to the rendering of the decree to which the plaintiff is entitled. The plaintiff, if he proves his case, is entitled, "secundum allegata et probata," to the application of the New York assets to the payment of his claim; and this right is "a sufficient cause of action against the defendant," within the meaning of section 439. Water Co. v. Baskin, 43 Fed. 323, decided under the California Civil Code, is an authority on this point. The defendant denies that there are New York assets, but this is not the time to try that issue. It is the complaint (section 439) which must determine whether a sufficient cause of action exists. If the plaintiff has stated in his complaint what he will be unable to prove at the trial, he will pay the usual penalty.

The order appealed from should be reversed, with $10 costs and disbursements of appeal, and the order of publication reinstated, with $10 costs. All concur.