MANNY SLATER, Appellant, v. DAVID KRUH, Doing Business as BANQUE PARISIENNE DE CHANGE, and NATIONAL CITY BANK, Respondents.

Orders affirmed, with twenty dollars costs and disbursements. No opinion.
Present — Martin, P. J., Glennon, Dore, Cohn and Callahan, JJ.; Callahan, J., dissents in opinion in which Dore, J., concurs.

CALLAHAN, J. (dissenting). The complaint states a good cause of action for a partnership accounting and for the appointment of a receiver of partnership assets. The deposit with the defendant bank to the credit of the partner sued should be held to be specific personal property within the jurisdiction of the court, under sections 232 and 235 of the Civil Practice Act. To the extent that such funds be established to be partnership property or assets, the court can determine the rights and interests of the partners as such. Although no personal judgment can be given against the defendant Kruh, nevertheless a judgment, if obtained, may be enforced to the extent of partnership funds traced at the trial as on deposit with the defendant bank. I think *Chesley* v. *Morton* (9 App. Div. 461) is here controlling, and requires a reversal of the orders here appealed from. Injunction may be resorted to in order to reach property which cannot be attached at law. (*Pennington* v. *Fourth Nat. Bank*, 243 U. S. 269.)

The bank will be protected against any further suit by Kruh or his assignees, or transferees, because the judgment directing the bank to pay over the specific partnership asset would receive full faith and credit, since the court has jurisdiction over the specific subject-matter, and over the defendant Kruh to the extent of the funds now on deposit.

Accordingly, the orders appealed from should be reversed, and the motion for injunction *pendente lite* granted and that to dismiss the complaint denied.

Dore, J., concurs with Callahan, J.