LURLEEN JACKSON, Respondent, *v.* EDWARD E. JACKSON, Appellant.

Argued April 5, 1943; decided June 18, 1943.

*Emil F. Baar* and *David E. Winer* for appellant appearing specially.

514

*George Gordon Battle* and *Jacob Rosenberg* for respondent.

Desmond, J. Plaintiff is defendant's wife. Her complaint sets out two causes of action, one for a separation on the grounds of abandonment and nonsupport, and another for the invalidation of a separation agreement between the parties. The separation agreement, a copy of which is annexed to the complaint, was executed about nine months before this suit was brought, and provides for the payment by the husband to the wife of a lump sum of $5,500, plus an amount for the wife's legal expenses, plus the payment by the husband of certain outstanding debts. It embodies also an arrangement for a division between the parties of certain household effects, etc. In the separation agreement it is stated that the wife " accepts the consideration herein mentioned from the First Party as and for the full, satisfactory, reasonable and sufficient provision for the whole support, maintenance and alimony of the Second Party during her life, and the Second Party agrees that such provision for her support and maintenance is ample * * *." It is undisputed that the husband has carried out all the engagements undertaken by him in the separation agreement. From the complaint, however, we are informed that the plaintiff wife now claims that this separation agreement was obtained from her by duress and by means of representations which were fraudulently false, that the money and property arrangements were inadequate in view of her husband's

income and wealth, and that the whole agreement is null and void under the public policy of this State, as expressed in section 51 of our Domestic Relations Law. The agreement was executed by the parties in New York City. It recites that the parties have been living apart for some months, and describes the wife as a resident of New York City and the husband as residing in Ohio.

Service on the husband of the summons in this action was made personally, but outside New York State, pursuant to an order authorizing such constructive service. Defendant, appearing specially, moved to set aside that service, arguing that the action, taking into account all the allegations of the complaint, is not one " where the complaint demands judgment * * * for * * * a separation." (Civ. Prac. Act, § 232, subd. 5.) So much of the complaint, says appellant, as is directed toward the setting aside of the separation agreement, runs *in personam,* not *in rem.* Thus, says appellant, the case is not one where constructive service of process may be allowed since plaintiff, by her own theory of action, is seeking relief *in personam* against her husband, as a preliminary step toward relief *in rem* in the form of a judgment of separation. Special Term denied the motion to set aside the service. In its memorandum it said that, although the second cause of action is not one within section 232 of the Civil Practice Act, nevertheless the two causes of action are not independent one of the other but are inextricably bound up together. " In effect, then," says the Special Term memorandum, " only one cause of action need have been alleged." The Appellate Division affirmed unanimously without opinion, but gave defendant leave to appeal to this court.

If the two counts of the complaint, read together, did fairly state only one cause of action, then that cause of action, we think, would necessarily be partly *in rem* and partly *in personam.* Since no court may award a judgment that runs, wholly or in part, *in personam,* against a nonresident not personally served within the court's jurisdiction and not voluntarily appearing (*Pennoyer* v. *Neff,* 95 U. S. 714), possibly a holding that this complaint really states but one hybrid cause of action might lead to a granting of defendant's motion to vacate the service of the summons. But the complaint does allege two causes of action, separable and separated. It is plain that one

of them is a cause of action *in personam* and that no judgment can be had against this defendant on that cause of action, since there has been no personal service of process on him within the jurisdiction, nor has there been a general appearance by him. It does not necessarily follow, however, that the court, for that reason, lacks jurisdiction to decree to plaintiff a judgment *in rem,* for separation. It is not a sufficient ground for setting aside the service that " plaintiff demands a greater measure of relief than could be given him [her] in an action begun without personal service of the summons." (*Chesley* v. *Morton,* 9 App. Div. 461, 464, see *Holmes* v. *Camp,* 219 N. Y. 359, 364.) Ordinarily it is enough, as against a motion to set aside service by publication or personally outside the State, that there be found in the complaint allegations which, if proven, would entitle plaintiff to a judgment *in rem.* Other allegations of personal liability may, at this point in the litigation, be disregarded, likewise such parts of the prayer for judgment as demand a judgment *in personam.* " If the plaintiff has stated in his complaint what he will be unable to prove at the trial, he will pay the usual penalty." (*Chesley* v. *Morton, supra,* p. 465.) But we are told that the defect in this complaint is more serious than merely alleging too much, and asking too much. Here, it is argued, plaintiff seeks a judgment *in personam* the granting of which, says defendant, is a prerequisite to any consideration by the court of the other cause of action *in rem.* That argument bases itself on certain language and certain holdings of this court in *Galusha* v. *Galusha* (138 N. Y. 272, 283) and *Goldman* v. *Goldman* (282 N. Y. 296, 300). This court did say and hold in those cases that so long as a separation agreement " remains unimpeached, it must be the measure of the allowance for the support of the plaintiff, which the defendant shall pay." But the *Galusha* and *Goldman* cases had to do with agreements for regular, substantial, periodic payments to the wives, representing admeasurements and determinations, in dollars, of the husbands' continuing obligations to support their wives. Where the parties have by an agreement " lawful in form and apparently valid " (*Galusha case, supra,* p. 283) fixed an amount for support, the courts will treat their agreement, so long as it remains unrevoked, as the proper measure of compensation. But an agreement to pay, and a payment of, a lump sum to a wife in return for a release of the husband from all future lia-

bility for the wife's support, is something quite different. By such an agreement the husband does not recognize, and join with his wife in measuring, his persisting liability to support her. In lump sum agreements, the husband buys his release for a price. Of such an agreement, this court wrote in *Kyff* v. *Kyff* (286 N. Y. 71, 74): " clearly this is not an agreement whereby the husband and the wife have mutually agreed upon the scale on which the husband shall support the wife. On the contrary, it is an attempt by the husband to purchase exemption from his continuing duty by the terms of an agreement which are expressly forbidden by section 51 of the Domestic Relations Law." Of course we are not in this opinion laying down any broad rules as to the effect and validity of lump sum separation agreements. The only question before us on this appeal is as to whether the court, by personal service of this defendant outside the State, obtained jurisdiction to hear this cause. The only argument against such jurisdiction bases itself on the presence in the complaint of a separate cause of action *in personam* to set aside a separation agreement. Defendant says that there cannot be a judgment *in rem* for a separation in such a case, unless and until the court first sets aside the agreement, since the cause of action to set aside the agreement must first be disposed of before the court can go on to consider the separation demand. Under the authority of *Kyff* v. *Kyff* (*supra*), that is not necessarily so. It will be possible, on a proper showing at the trial, for the court to award plaintiff a judgment for separation without making any direct adjudication as to the separation agreement. So viewed, the demand for an annulment of the agreement does not affect the court's jurisdiction *in rem* over the separation cause, since the prayer for relief *in personam* (including of course the prayer for alimony) is merely a demand for additional relief which the court cannot give under the circumstances (*Chesley* v. *Morton, supra*). All this being so, the motion to set aside the summons on jurisdictional grounds, was properly denied.

The order should be affirmed, with costs, and the certified question answered in the affirmative.

LEHMAN, Ch. J., LOUGHRAN, LEWIS and CONWAY, JJ., concur. RIPPEY, J., concurs in result.

Order affirmed, etc.