Sidney A. Fine, J.
This motion by defendant to vacate service of the summons and complaint is denied. In connection therewith, aside from the claim of technical defects in the method of service asserted by defendant, which this court finds to be of no merit, defendant, in substance, contends that the service of the summons and complaint is invalid because service was made upon defendant outside New York State and the complaint, insofar as it contains causes of action relative to the funds deposited in a certain bank account in defendant’s name, located in New York, cannot give jurisdiction to the court, for the reason that such funds are not specific personal property within the purview of section 232 of the Civil Practice Act, so as to enable service to be made in the manner here attacked. Regardless of the merits of this claim it is clear from a reading of the complaint that service in the manner effected was sufficient to confer jurisdiction upon this court. The complaint not only contains the causes of action upon which defendant relies but also contains two others with reference to claims against specific real property located in this State. As to those causes of action a valid judgment can obviously be obtained and the defendant so concedes. Under such circumstances the service being sufficient to confer jurisdiction on the court with respect to some of the causes of action in the complaint the relief sought herein cannot be granted. (Star v. Star, 127 N. Y. S. 2d 481, 483; Jackson v. Jackson, 290 N. Y. 512, 516.)
However, with respect to the point raised as to whether the funds on deposit are specific property within the purview of section 232 of the Civil Practice Act this court is of the opinion that such funds do constitute such property. Provision is made *867 in that section for service where a levy upon property within the State has been made under a warrant of attachment. A bank account is a debt incapable of manual seizure and service of a warrant constitutes seizure thereof under the doctrine of constructive seizure (see Commission for Polish Relief v. Banca Nationala, 262 App. Div. 543, affd. 288 N. Y. 332). Therefore if it is capable of being attached so that service can be predicated thereon it appears that the language used by Mr. Justice Callahan in the case of Slater v. Kruh (261 App. Div. 810) to the effect that “ The deposit with the defendant bank to the credit of the partner sued should be held to be specific personal property within the jurisdiction of the court under sections 232 and 235 of the Civil Practice Act ” should be indicative of the policy to be here followed, namely, that if it is property specific enough to be attachable a bank account is specific enough to survive an application of this type.
If under subdivision 3 of section 232 of the Civil Practice Act the plaintiff could have attached the bank account under a warrant of attachment and obtained a judgment in rem as to the property so attached, then to reason that as to the bank account the judgment ivould have to be ipso facto in personam where no attachment had been obtained in the first instance would be subverting substance to practice without considering the merits. Whether the bank account was attached in advance or whether judgment is eventually made as to such bank account alone with no other relief granted by said judgment the net result is the same. The nature o'f the judgment that is finally rendered will be determinative and is a matter for the trial court’s consideration. If in effect it is in part in rem and part in personam as to the bank deposit then the court may take appropriate steps at that time to avoid entering such an improper judgment but at present there is prima facie showing that the judgment sought by the plaintiff herein as to the bank account is within the jurisdiction of this court and is sufficient to survive this application.