Sidney A. Fine, J.
This is a motion, pursuant to section 237-a of the Civil Practice Act, to vacate an order directing service by publication on the moving defendants, who appear specially. The order was made ex parte, on proof that the individual moving defendants are nonresidents and that the corporate moving defendants are foreign corporations. The affidavit upon which the order was based states that plaintiff demands judgment “that said defendants be excluded from a vested or contingent interest in personal'property within the State of New York, to wit, a stock ownership in a corporation known as Pellón Corporation, organized and existing under the laws of the State of New York and having its principal place of business at * * * New York, N. Y.”
Subdivision 2 of section 232 of the Civil Practice Act authorizes the making of an order of publication in an action to exclude a defendant from an interest in property within this State, or to enforce, regulate, define or limit such an interest, i.e., in an action in rem. The sole question presented on the present motion is whether the instant action is actually in rem, as plaintiff contends, or in personam, as urged by the moving defendants.
The complaint alleges that plaintiff, the owner of a voting trust certificate for 300 shares of Class C stock of Pellón Corporation, was induced on February 11, 1956 by fraud of some of the moving defendants, (1) to sell his certificate to some of the defendants in this action, and also (2) to surrender a valuable employment contract with Pellón Corporation. The complaint further alleges that, on learning of the fraud, plaintiff served a notice of rescission in which he tendered the return of the consideration he had received for the Class C certificate and for the surrender of the employment contract. Judgment is demanded (1) for rescission of the agreement of February 11, 1956; (2) for restoration to plaintiff of his voting trust certificate for 300 shares of Class C stock and for his rights under his employment contract; (3) for cancellation and nullification of all actions taken by Pellón Corporation and all the other parties to this action pursuant to the agreement of February 11, 1956; (4) for cancellation by Pellón Corporation of any stock or voting trust certificates derived from plaintiff’s transfer of his Class C voting trust certificate; (5) for a direction to the voting trustees to issue to plaintiff a voting trust certificate for 300 shares of Class C stock and (6) for recovery of $73,000 against Pellón Corporation and other defendants.
It seems clear that the only in rem relief sought in the complaint, as against the nonresident moving defendants, is an adjudication relating to the ownership of Class C stock and *275 voting trust certificates of Pellon Corporation, a domestic corporation. In Holmes v. Camp (219 N. Y. 359), it was held that the stockholders’ interest in the capital of a New York corporation is property situated within this State and that (p. 369) “ an action * * * affecting * * * title and true ownership of that interest is one in the nature of a proceeding in rem * * * in which * * * jurisdiction of a non-resident defendant may be obtained by service of a summons by publication. ’ ’
Defendants contend that the doctrine of Holmes v. Camp (supra) is inapplicable to the instant action because as a condition precedent of obtaining the in rem relief sought by plaintiff, the latter must obtain a decree rescinding the agreement of February 11,1956. Such a decree, they maintain, is in personam, in nature, and therefore, may not be obtained in the present action without personal service within this State, upon the defendants who were parties to said agreement.
This contention of the moving defendants finds substantial support in the opinion of the Court of Appeals in Jackson v. Jackson (290 N. Y. 512). In that case, the wife’s complaint contained a cause of action to invalidate a separation agreement between the parties, and another for a separation based on abandonment and nonsupport. As to the cause of action to invalidate the separation agreement, the court said (pp. 515-516): “ It is plain that one of them is a cause of action in personam and that no judgment can be had against this defendant on that cause of action, since there has been no personal service of process on him within the jurisdiction, nor has there been a general appearance by him. ’ ’ The court then took up the defendant’s contention that the cause of action for a separation, although it sought in rem relief, would not support the service made upon him outside this State because a judgment, in personam, invalidating the separation agreement, (p. 516) ‘ ‘ is a prerequisite to any consideration by the court of the other cause of action in rem ”. This contention of the husband was restated as follows (p. 517): “ Defendant says that there cannot be a judgment in rem for a separation in such a case, unless and until the court first sets aside the agreement, since the cause of action to set aside the agreement must first be disposed of before the court can go on to consider the separation demand ”. The husband’s claim was overruled and jurisdiction upheld, because the separation agreement in the Jackson case (supra) did not provide for (p. 516) “ regular, substantial, periodic payments ”, as did the agreements in Galusha v. Galusha (138 N. Y. 272) and Goldman v. Goldman (282 N. Y. *276 296), relied upon by the defendant, but provided for a lump sum payment in return for a release of the husband from all future liability for the wife’s support. The court said that had the agreement in the case before it for determination provided for regular, substantial, periodic payments, it would be treated (p. 516) “ so long as it remains unrevoked, as the proper measure of compensation ”. It was only for the reason that the agreement was one for a lump sum payment which could be disregarded as void at the trial because forbidden by section 51 of the Domestic Relations Law, “ without making any direct adjudication as to the separation agreement ” (p. 517, italics supplied) that the court held that it possessed in rem jurisdiction over the cause of action for a separation. Had the court been of the opinion that it had jurisdiction of an action for a separation, which is concededly in rem, even if a direct adjudication that the separation agreement was invalid were required as a condition precedent to the granting of a separation decree, it could have so held without the extended discussion in which it engaged as to the distinction between separation agreements, which provide for regular, substantial, periodic payments to the wives and which are therefore valid until set aside (i.e. voidable), and the one involved in the Jackson case (supra) which provided for a lump sum payment and might therefore be disregarded as void under section 51 (supra). It is impossible to read the opinion without concluding that had the agreement provided for regular, substantial and periodic payments, and therefore been voidable instead of void, the court would have held that the necessity for an in personam decree setting aside the agreement, as a condition precedent to the granting of the in rem relief of a decree of separation, required the granting of the motion to set aside the service made without the State.
In Nusbaum v. Nusbaum (280 App. Div. 315), the court (p. 317) distinguished between separation agreements which provide for regular payments to the wife and are, therefore, only voidable and those which entirely suspend further payments to the wife, such as the one involved in the Jackson case (supra) which are void. The Appellate Division expressly stated that the Court of Appeals, in the Jackson case, had held the agreement there involved to be void, and not merely voidable.
None of the cases relied upon by plaintiff involved the necessity of obtaining an in personam decree of rescission or cancellation of an agreement, as a condition precedent of granting the in rem relief prayed for in the complaint. In Holmes v. Camp (supra) the directors of a foreign holding corporation had made transfers to themselves of stock in a New York cor *277 poration under circumstances which the court said rendered the transfers “ fraudulent and unlawful ” (p. 365). The transfers could therefore be treated as void, without the necessity of an in personam decree, just as the lump sum separation agreement in the Jackson case (supra) was treated as void without the necessity of an in personam decree setting the agreement aside. Cohen v. Shaine (57 N. Y. S. 2d 180) also involved the claim that a transfer of stock was fraudulent and void. No necessity for an in personam decree of rescission was there presented.
A number of authorities cited by the moving defendants, though relating to the interpretation of a Federal statute and, therefore, distinguishable on that ground, contain reasoning in line with the rationale of the Jackson case (supra), that if the award of a decree of rescission, which is in personam, is a prerequisite to the granting of the in rem relief sought in the action, the action must be treated as in personam, for purposes of jurisdiction over nonresident defendants (Wilhelm v. Consolidated Oil Corp., 84 F. 2d 739 [C. C. A. 10th Cir.]; Maya Corp. v. Smith, 32 F. 2d 350). In the Wilhelm case (supra) the court said (pp. 748-749): “ This is not a suit to enforce a legal or equitable lien upon the properties affected by the tri-party agreement and conveyed and transferred pursuant thereto, except as relief incidental to and dependent on primary relief, namely the cancellation of such agreement, conveyances and transfers, which can only be obtained under the circumstances of this case by a decree in personam. ’ ’
In the light of the foregoing, the motion to vacate the order for service by publication must be granted. It is, accordingly, unnecessary to consider a question which has not been raised, but which has given the court some concern. The agreement of December 17, 1951, provided for a voting trust of all the stock of Pellón Corporation for a period of 10 years. Presumably the voting trustees are the registered owners of the stock upon the books of Pellón Corporation, for the complaint alleges that plaintiff (and the defendants who were originally stockholders) had become owners of voting trust certificates. These voting trust certificates were apparently issued by the voting trustees, not by Pellón Corporation. Paragraph 6 of the prayer for relief contained in the complaint confirms this, for it asks judgment “ that Pellón Corporation voting trustees issue to plaintiff a voting trust certificate for 300 shares Class C stock of Pellón Corporation. ’ ’
In the absence of a decree against the voting trustees, it is difficult to understand how any in rem relief may be obtained against Pellón Corporation. The latter cannot alter the record *278 ownership of all the stock by the voting trustees. It is, in reality, only the voting trustees who can give plaintiff the relief he seeks, viz., the restoration of his voting trust certificate for 300 shares of Class C stock, or who can cancel voting trust certificates derived from plaintiff’s transfer of his voting trust certificate on February 11, 1956. Although the agreement of December 17, 1951 provides (par. 12) for five voting trustees, only three-of them are named, one of whom is the plaintiff. One of the three named is Steegman, a nonresident. It does not appear who the two unnamed trustees are or where they reside. Subsequent to December 17,1951, Class D stock was issued and a voting trust certificate for that stock was issued. Whether one or more voting trustees were designated by the Class D stock (the original voting trustees were designated by the holders of Class A, Class B and Class C stock) likewise does not appear. It is not clear whether the voting trust may be said to be located in this State, with one and possibly three of the five trustees nonresidents of this State. Since the action is essentially one against the voting trustees it would seem necessary to show that the voting trust is in this State. Plaintiff’s main brief states that it is, but the complaint and the affidavit, upon which the order for service by publication was obtained, make no such statement and contain no facts to support the statement in the brief. The brief itself does not attempt to show the basis for the statement that the voting trust is in this State.
The motion to vacate is granted. Settle order.