Alexander MEYER, Plaintiff-Appellee,

v.

INDIAN HILL FARM, Inc., Defendant-Appellant,

and

Nathan Krupnick, Pacific Fire Insurance Company, Continental Casualty Company, The People of the State of New York, United States of America, and John Doe, Henry Doe, Mary Roe and Helen Poe, the last four names being fictitious, the true names of said defendants being unknown to plaintiff and the parties intended being any persons, firms or corporations not specifically named therein in possession of or claiming any right to possession of the premises herein described, or any part thereof, as tenants, occupants or otherwise defendants, Defendants.

UNITED STATES of America, Libellant,

v.

CERTAIN REAL PROPERTY AND IMPROVEMENTS THEREON, KNOWN AS THE INDIAN HILL FARM.

Nathan KRUPNICK, Plaintiff,

v.

Jean CLEMENS, as Administratrix of the goods, credits and chattels of Michael Clemens, Deceased, Indian Hill Farm, Inc. and United States of America, Defendants.

Nos. 343–345, Dockets 24999–25001.

United States Court of Appeals Second Circuit.

Argued May 6, 1958.

Decided July 22, 1958.

Abraham L. Wax, New York City, for Indian Hill Farm, Inc., defendant-appellant.

Harte, Natanson & Gordon, New York City (George Natanson, of counsel), New York City, for Alexander Meyer, appellee.

Paul W. Williams, U. S. Atty., Southern District of New York, New York City (Robert L. Tofel, Asst. U. S. Atty., New York City, of counsel), for United States of America, libellant.

Before WATERMAN and MOORE, Circuit Judges, and GALSTON, District Judge.

WATERMAN, Circuit Judge.

Appellant, Indian Hill Farm, Inc., seeks reversal of an order of the district court appointing a receiver for certain real estate in which it has an interest. The only issues raised are (1) whether the district court lacked personal jurisdiction over appellant, and (2) whether, if the district court had jurisdiction, appointment of a receiver was an abuse of discretion under the facts of the case. For the reasons hereinafter stated, we hold that the district court acquired sufficient jurisdiction over appellant to appoint a receiver and that it did not abuse its discretion in doing so.

Appellant, which will be referred to as Indian Hill, owns, or at least has an interest in, certain real property in Orange County, New York upon which the appellee, Alexander Meyer, claims to have a mortgage. Meyer commenced this foreclosure action in the New York Supreme Court, Orange County, by personal service of the summons upon the United States and various other persons claiming an interest in the real estate. The jurisdiction issue arises from Meyer's attempts to serve process on Indian Hill.

Indian Hill is a New Jersey corporation which has been dissolved by that state for non-payment of franchise taxes. Its only officer or director appears to be Jean Clemens, who apparently resides on the real estate involved in the action. Meyer attempted to serve process on Mrs. Clemens in Orange County, New York, but was unsuccessful. Since Indian Hill does not do business in New York and has no registered agent there, Meyer then sought to bring it into the action by service of process outside that state. At one time Indian Hill had a registered agent in New Jersey, but he died prior to the commencement of Meyer's action, and a new agent has never been appointed. Meyer had no alternative but to serve process on Indian Hill by delivery of copies of the summons and the complaint in New Jersey to the New Jersey Secretary of State. This he did.

After the action had been thus commenced in the New York Supreme Court, it was removed by the United States to the United States District Court for the Southern District of New York. Thereafter, by order of the district court, the removed action was consolidated with two other actions pending there which also involved claims against the same real estate. Meyer then filed an *ex parte* application for a receiver of the rents of the mortgaged property. This application was granted by the district court on Meyer's affidavit which showed, in addition to the existence of the mortgage and the pendency of the foreclosure action, (1) that Indian Hill had entered into an agreement extending the mortgage, which mortgage provided that "the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver"; (2) that rents on the premises aggregating $178 a month were being collected by Mrs. Clemens, who kept the money but did not report it for tax purposes; (3) that real estate taxes were unpaid for 1956 and 1957, and the real estate had previously been sold for nonpayment of 1953, 1954 and 1955 taxes; and (4) that the total liens claimed against the real estate in the consolidated action exceeded $100,000. Indian Hill appeared specially

to move to vacate the order appointing a receiver. It primarily relied on its contention that the court lacked jurisdiction because of the alleged failure to serve process upon it in accordance with New York law. The United States participated in the argument on the motion but took no position. The court without opinion denied the motion. Indian Hill appealed.

■ An interlocutory order appointing a receiver is made appealable by 28 U.S.C. § 1292(2). We have held that Rule 54(b), F.R.Civ.P. 28 U.S.C. does not affect orders made appealable by 28 U.S.C. § 1292. Cutting Room Appliances Corp. v. Empire Cutting Mach. Co., 2 Cir., 1951, 186 F.2d 997. Although the Seventh Circuit has followed a contrary rule, Packard Motor Car Co. v. Gem Mfg. Co., 7 Cir., 1950, 187 F.2d 65, certiorari granted, 1951, 341 U.S. 930, 71 S.Ct. 803, 95 L.Ed. 1360, dismissed per stipulation, 342 U.S. 802, 72 S.Ct. 92, 96 L.Ed. 607, other circuits have followed our decision. George P. Converse & Co. v. Polaroid Corp., 1 Cir., 1957, 242 F.2d 116; Hook v. Hook & Ackerman, Inc., 3 Cir., 1956, 233 F.2d 180, certiorari denied 1957, 352 U.S. 960, 77 S.Ct. 350, 1 L.Ed.2d 325; Pang-Tsu Mow v. Republic of China, 1952, 91 U.S.App.D.C. 324, 201 F.2d 195, certiorari denied 1953, 345 U.S. 925, 73 S.Ct. 784, 97 L.Ed. 1356. Accordingly, our appellate jurisdiction is unaffected by the fact that the removed suit was consolidated with two others and the district court did not enter a Rule 54(b) certificate.

■■ 1. *Personal Jurisdiction over Indian Hill.* If the district court did not obtain proper jurisdiction over Indian Hill, the appointment of a receiver with respect to its property was void. Pusey & Jones Co. v. Hanssen, 1923, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763. Since the order appealed from was entered in the action brought by Meyer, the validity of that order must rest on the jurisdiction acquired in that action and not on the jurisdiction acquired in the actions with which Meyer's action had been consolidated. See 5 Moore's Federal Practice (2d ed., 1951) 1209–1210. The jurisdiction of a district court on removal of a case from a state court is a derivative jurisdiction, Lambert Run Coal Co. v. Baltimore & O. R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671, and the federal court is without jurisdiction if the service of process with which the action was commenced in the state court was defective. Cain v. Commercial Publishing Co., 1914, 232 U.S. 124, 34 S.Ct. 284, 58 L.Ed. 534; cf. Employers Reinsurance Corp. v. Bryant, 1937, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. Thus the personal jurisdiction of the district court over Indian Hill rests on the validity under New York law of the service of process on the New Jersey Secretary of State.

■ Section 235 of the New York Civil Practice Act provides in pertinent part that "A defendant in any case specified in section two hundred thirty-two * * * may be served * * * without the state in the same manner as if such service were made within the state * * * ".[1] Among the cases specified in § 232 are actions "Where the complaint demands judgment that the de-

---

[1]. In its entirety § 235 reads as follows:
"§ 235. *Personal service without the state without order.* A defendant in any case specified in section two hundred thirty-two or a defendant domiciled in the state, may be served with the summons without an order, without the state in the same manner as if such service were made within the state, except that a copy of the verified complaint must be annexed to and served with the summons, and that such service must be made by a person or officer authorized under section two hundred thirty-three to make service without the state in lieu of publication. Proof of service without the state without an order shall be filed within sixty days after such service. Service without the state without an order is complete ten days after proof thereof is filed."

Indian Hill does not contend that a copy of verified complaint was not served with the summons, that a person authorized under section two hundred thirty-three to make service without the state

fendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property." [2] And § 232–a, which further limits the cases in which § 235 is applicable, includes in the permissible situations a case " * * * where in a cause of action specified in section two hundred thirty-two of this act, the defendant * * * [i]s a foreign corporation, or a foreign corporation which has been dissolved * * *."

It is clear that the present case squarely falls within these provisions, since Indian Hill, "a foreign corporation which has been dissolved," is the defendant in an action to enforce a lien upon specific real property within the state of New York. § 232–b [3] limits the application of the procedure provided for in § 235 " * * * where the application is made upon the ground that the defendant is a foreign corporation * * *" to those situations in which the moving papers state "that the plaintiff, with due diligence, has been or will be unable to make personal service of the summons [within the state]." But § 232–b presents no obstacle to the application in this case of § 235. Meyer did attempt to make personal service within the state on Mrs. Clemens, and, in any event, the re-

---

did not make the service, and that proof of service was not filed within the required period.

2. In its entirety § 232 reads as follows:
"§ 232. *In what actions order for service of summons by publication may be made.* An order directing the service of a summons upon a defendant, by publication, may be made upon the application of the plaintiff, as specified in sections two hundred thirty-two-a and two hundred thirty-two-b of this act, in any of the following actions:
"1. Where the complaint demands judgment annulling a marriage, or for a divorce, or a separation.
"2. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property.
"3. Where a levy upon property of the defendant within the state has been made under a warrant of attachment granted in an action to recover a sum of money only. * * *
"4. Where an order has been granted pursuant to subdivision two of section two hundred eighty-six, and a cause of action described therein is alleged in the pleading."
See Levites v. Levites, 1956, 3 Misc. 2d 865, 155 N.Y.S.2d 970; Bowery Savings Bank v. Meadowdale Co., Sup.1946, 64 N.Y.S.2d 22.

3. The first paragraph of § 232–b, relevant here, reads as follows:

"§ 232–b. *Papers upon which order for service of summons by publication may be made.* The order must be founded
"(a) upon a verified complaint showing a cause of action specified in subdivisions one or two of section two hundred thirty-two of this act against the defendant to be served; or
"(b) upon a verified complaint showing a cause of action to recover a sum of money only against the defendant to be served and proof that a levy has been made upon property within the state of such defendant under a warrant of attachment granted in such action; or
"(c) upon a verified complaint in an action of interpleader or a verified pleading by a defendant as interpleading plaintiff in a pending action, and proof of compliance with an order made pursuant to subdivision two of section two hundred eighty-six;
together with proof by affidavit of the additional facts required by section two hundred thirty-two-a of this act, and also, where the application is made upon the ground that the defendant is a foreign corporation, a joint stock association or other unincorporated association, or a domestic corporation whose name remains unknown to the plaintiff after diligent inquiry, or after diligent inquiry the plaintiff is unable to ascertain whether the defendant is a domestic corporation, or is not a resident of the state, or is a stockholder of a corporation or joint stock company, that the plaintiff, with due diligence, has been or will be unable to make personal service of the summons. * * *"

quirements of § 232–b do not appear to be applicable to "a foreign corporation which has been dissolved." Thus Indian Hill's reliance on the presence in New York of Mrs. Clemens, who thus far has successfully evaded service of process, is misplaced.

■ The crucial question is whether delivery of copies of the summons and complaint to the New Jersey Secretary of State is service "without the state in the same manner as if such service were made within the state" within the meaning of § 235. The purport of this provision would appear to be that service outside New York on a foreign corporation may be made "in the same manner" as if the service had been made within the state. Reference to § 229 of the New York Civil Practice Act reveals that service of process within the state on foreign corporations may be made by delivering a copy of the summons " * * * To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, the secretary

of state as provided by the general corporation law * * *."

Section 217 of the New York General Corporation Law, McKinney's Consol. Laws, c. 23, provides that "Service of process against a corporation upon the secretary of state shall be made by personally delivering to and leaving with him or a deputy secretary of state duplicate copies of such process at the office of the department of state in the city of Albany * * *". Thus New York law not only provides for service of process upon the secretary of state when the designated agent has died and has not been replaced, but also provides for service by delivery to a "public officer designated for the purpose *pursuant to law* * * * if a designee * * * has died * * *." (Emphasis added.)

That is exactly the case here. The law of New Jersey, N.J.Rev.Stat. 14:13–14 (1937, as amended in 1953), N.J.S.A., provides for "Service of a summons or other process for appearance issued out of any court * * *" upon the New Jersey Secretary of State when a New Jersey corporation has been dissolved and "service thereof cannot be made" upon the "designated registered agent of the corporation."[4] Thus the service

---

4. New Jersey Rev.Stat. 14:13–14, as amended in 1953, N.J.S.A., reads as follows:

"*Continuation of corporation after dissolution, and so forth, for purpose of defending action; service of process.* In any action or other legal proceeding commenced in any court of this State against a domestic or foreign corporation, or to which such corporation shall be a party defendant, where the charter of the corporation has heretofore expired or shall hereafter expire by its own limitation, or has heretofore been or shall hereafter be forfeited, dissolved or annulled by the Legislature or in any other manner, the corporation shall continue a body corporate for the purpose of defending the cause. Service of a summons or other process for appearance issued out of any court and other papers in the cause may be made upon the corporation by serving the same on such person as was, at the time of such expiration, forfeiture, dissolution or annulment, the

president or secretary of the corporation, or the agent in charge of its principal office, or its designated registered agent for this State, personally, or by leaving the same at the dwelling house or usual place of abode of such president, secretary, agent in charge of said principal office or designated registered agent of the corporation. If service thereof cannot be made as hereinabove provided, then it may be made upon the corporation by serving the Secretary of State. Within two days after service upon the Secretary of State, it shall be his duty to notify the corporation thereof, by letter directed to it at its registered office, in which letter shall be enclosed a copy of the process and other papers served. It shall be the duty of the plaintiff to pay to the Secretary of State, for the use of the State, the sum of three dollars ($3.00), which said sum shall be taxed as the part of the taxable cost if the plaintiff prevails. The Secretary of State shall keep a book to be called

of copies of the summons and complaint on the New Jersey Secretary of State comes within the provision of § 235 of the New York Civil Practice Act.

Of course, New York could not empower the New Jersey Secretary of State to perform the function of accepting service of process issued out of a New York court. But the New Jersey legislature can so empower and has done so. N.J.Rev.Stat. 14:13–14, N.J.S.A.

Indian Hill, however, contends that service of process by delivery to a "public officer designated for the purpose pursuant to law" under § 229 of the New York Civil Practice Act does not include an officer designated by the law of New Jersey. But this has been decisively settled by Howard Converters, Inc., v. French A. Mills, 1937, 273 N.Y. 238, 7 N.E.2d 115. In that case the plaintiff, who had a contract claim against a New Jersey corporation, commenced the proceeding by attaching New York property of the corporation. It then served a summons in New Jersey upon the agent of the corporation designated to receive service of process by the law of New Jersey. This service was upheld by the Court of Appeals. Referring to the same language of § 235 and § 229 discussed above, the court held that service was to be made upon that person in another state who by the law of that state is in a position equivalent to that of the person within New York who may be served. The only distinctions between that case and this—to wit, that § 235 was invoked under a different provision of § 232, involving actions initiated by attachment of property rather than actions to enforce a lien upon property, and that service was there made upon a designated agent rather than, as here, upon the Secretary of State in the

absence of a designated agent—do not affect the rationale of the decision.

We therefore conclude that the service of process questioned here was proper service of process under the law of New York. Hence we hold that the district court acquired personal jurisdiction over Indian Hill sufficient to justify action with respect to Indian Hill's realty, such as the appointment of a receiver for it.[5]

■ 2. *Abuse of Discretion in Appointing a Receiver.* The United States was a named party defendant in the state court proceedings brought to determine title to the involved realty because the United States was asserting an interest in it. Hence the Meyer action was removable to the U. S. District Court which had subject matter jurisdiction thereof. However, although the federal court properly has jurisdiction of the case, the issues involved in Meyer's claim against Indian Hill on his mortgage are non-federal matters having their source in, and determined by, the law of New York. The right to the appointment of a receiver in a case involving non-federal matters, if not merely remedial in nature, is likewise determined by the applicable state law. See, e. g., Pierce Petroleum Corp. v. Empire Gas & Fuel Co., 5 Cir., 1927, 17 F.2d 758; O'Brien v. Lashar, 2 Cir., 1921, 274 F. 326.

■ Section 254, subd. 10 of the New York Real Property Law, McKinney's Consol.Laws, c. 50, provides that "A covenant 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that the mortgagee * * *' in any action to foreclose the mortgage, shall be entitled, without notice and without regard to adequacy of any security of the

---

the 'process book,' in which shall be recorded alphabetically, by the name of the plaintiff and defendants therein, the title of all causes in which process has been served upon him, a description of the papers served, and the date and hour when such service was made. Such service made in any manner aforesaid shall be good, legal and effective for all intents and purposes."

5. See Heilbrunn v. Kellogg, 1939, 279 N.Y. 773, 18 N.E.2d 312, affirming 1937, 253 App.Div. 753, 1 N.Y.S.2d 193, which holds that service of process on defendant outside the state under § 235 in mortgage foreclosure action allows court to make judgment disposing of property but will not support a strictly *in personam* deficiency judgment.

debt, to the appointment of a receiver of the rents and profits of the premises covered by the mortgage  *  *  *." Section 975 of the New York Civil Practice Act in pertinent part provides that "  *  *  *  where the action is for the foreclosure of a mortgage, which mortgage provides that a receiver may be appointed without notice, notice shall not be required."  Under these provisions, Meyer, by virtue of the statutory provision contained in the agreement extending the mortgage, was entitled to the appointment of a receiver of the rents without notice.  Proof of the inadequacy of the security and of the probability of success of the action is not required. See New York T. & M. Co. v. Polk Arms, Inc., 1933, 262 N.Y. 21, 186 N.E.2d 35; Home Title Ins. Co. v. Isaac Scherman Holding Corp., 1933, 240 App.Div. 851, 267 N.Y.S. 84; Kaufman v. Hitesman, Sup.1946, 61 N.Y.S.2d 734.

In any event, whether or not Meyer was entitled to the appointment of a receiver as a matter of right, the showing contained in his affidavit was sufficient basis for the district court, in the exercise of its discretion, to appoint a receiver.

Affirmed.