Samuel M. Gold, J.
Defendant, Yoelker, a nonresident of this State, appearing specially, moves to vacate an attempted service of the summons upon him. Plaintiff cross-moves to examine defendant, St. Martin’s Press Incorporated, in order to use the deposition thus obtained in opposition to Yoelker’s motion. One of the theories upon which plaintiff seeks to sustain the service, which was made on St. Martin’s Press Incorporated, and not on Yoelker, is that Voelker, at the time of the service, was engaged in business in this State, through St, Martin’s Press Incorporated as his agent in charge, and that the action arises out of such business engaged in by Yoelker in this State. If, as Yoelker claims, his only business relation to this State was and is the publication by St. Martin’s Press Incorporated, as an independent contractor of Yoelker’s “best seller” book, “Anatomy of a Murder”, it would seem clear that Yoelker could not be served here by serving the publisher of his book. *844 Plaintiff, however, claims that Voelker has been engaged in this State in disposing of various rights such as rights to present the novel in dramatized form on the stage, motion picture rights, and many others. It also contends that St. Martin’s Press Incorporated has been in charge of these business activities of Voelker and was in charge of them at the time of the contested service. There is considerable material in plaintiff’s affidavits which tends to indicate that there is at least some basis for plaintiff’s contention. For example, a letter is submitted in which St. Martin’s Press Incorporated states, “ St. Martin’s Press is, of course, as you understand, the sole agent and a participant in the administration of the author’s dramatic and film rights ”. Although out-of-court admissions of agency by the alleged agent are not binding on the alleged principal, the plaintiff is entitled to an opportunity to establish, by testimony of St. Martin’s Press Incorporated and/or Voelker, that St. Martin’s Press Incorporated was actually in charge, at the time of service, of business engaged in by Voelker in this State. The facts as to the actual authority granted by Voelker to St. Martin’s Press Incorporated and as to the extent of Voelker’s business in this State are largely within the knowledge of Voelker and St. Martin’s Press Incorporated and outside plaintiff’s knowledge. In these circumstances, plaintiff should not be precluded from suing Voelker in this State (which would be the effect of granting the motion to set aside service) without an opportunity to establish the actual facts as to Voelker’s business here and the agency of St. Martin’s Press Incorporated. A proper exercise of discretion requires that a Referee be appointed to take proof and report as to whether, at the time of the contested service on Voelker, the latter was engaged in business in this State and as to whether St. Martin’s Press Incorporated was in charge of that business.
Plaintiff’s attempt to uphold the attempted service on the ground that it is authorized by section 232 of the Civil Practice Act is held to be lacking in merit. There are important differences between the instant case and Sillman v. Twentieth Century-Fox (3 N Y 2d 395) principally relied upon by plaintiff: (1) in that ease, the plaintiffs therein were held by the court to be present assignees of certain percentages of the profits of motion pictures which were to be produced by defendant, Twentieth Century Fox; (2) there was an actual fund in this State, viz: the specified percentages of the profits which defendant, Twentieth Century Fox, sought to deposit with Chemical Bank, which refused to accept it; (3) plaintiffs were merely attempting to cut off the rights of their own nonresident assignors to that *845 fund, an attempt which did not require an in personam judgment against the nonresident assignors. In the case at bar, however, there is no real proof of a fund in this State. Its existence is denied. At any rate, Voelker’s claim against the alleged fund and against the indebtedness due and to become due from those defendants who have contracted with Voelker for the sale of the motion picture rights, in alleged breach of Voelker’s alleged contract with plaintiff, may not be validly cut off without an in personam judgment against Voelker, adjudicating that there is a valid contract between plaintiff and Voelker (which is disputed by Voelker). Where a holding that there is valid in rem jurisdiction. depends upon a prior in personam adjudication, which cannot be made for lack of in personam jurisdiction, the attempt to assert in rem jurisdiction must fail (Jackson v. Jackson, 290 N. Y. 512; Morgenstern v. Freudenberg, 7 Misc 2d 273). As was pointed out in the Morgenstern case (supra), the holding in the Jackson case (supra), that there was in rem jurisdiction, was predicated on the fact that the separation agreement there involved was void on its face under the Domestic Relations Law and, therefore, no in personam decree holding it void was necessary.
In view of the ordering of a reference, at which plaintiff can subpoena St. Martin’s Press Incorporated, as well as other witnesses, no useful purpose would be served by granting plaintiff’s cross motion to examine said corporation.
The motion is granted to the extent previously indicated and the cross motion is denied, for the reason indicated. Final disposition of the motion to set aside service will be held in abeyance pending the coming in of the Referee’s report.
Settle order, on or before June 25, 1959.