Charles A. Loreto, J.
This is an action for a declaratory judgment wherein the plaintiff demands judgment declaring that an agreement in December, 1957, between itself, the defendant Voelker and Van Druten is valid and binding and enjoining the defendants Preminger, Carlyle, and Columbia Pictures from producing and distributing a motion picture based on the book or play, ‘ ‘ Anatomy of a Murder, ’ ’ and for other relief. By the present motion plaintiff seeks a temporary injunction against the last-named three parties defendants enjoining them from exhibiting the motion picture based upon said novel. It is asserted that said motion picture will be released for exhibition in theatres throughout the country beginning July 2, 1959.
The defendant Voelker, now a Justice of the Supreme Court of the State of Michigan, is the author of the book, “ Anatomy of a Murder. ’ ’ Plaintiff bases this action upon an alleged agreement with the said defendant which grants to the plaintiff the right to produce a Broadway play based on a script of the novel written by the late John Van Druten, a noted playwright. The instant application is grounded upon the provision of the agreement which provides that the release of any motion picture based upon the novel could not be had until the termination of the first-class runs of the play or October 1, 1960. Plaintiff asserts that it will suffer irreparable damage if a motion picture is exhibited prior to the production of the play which it expects to produce this Pall.
In the consideration of this motion the court will keep in mind the basic principles which govern applications for temporary injunctions and notes with approval the decisions cited by plaintiff in the United States Court of Appeals for the Circuit Court in Hamilton Watch Co. v. Benrus Watch Co. (206 P. 2d 738 [1953]), in which it was stated by Judge Jerome Prank (p. 740); “To justify a temporary injunction it is not necessary *847 that the plaintiff’s right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (i.e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation”; and the opinion of Judge Swan in Page & Co. v. Fox Film Corp. (83 F. 2d 196, 200): “A willful infringer should not by the extent of his investment be allowed to gain immunity from the injunctive remedy.”
The papers submitted on this motion raise serious doubt as to the existence of a valid and binding written contract. On or about December 15, 1957, the defendant Voelker signed the agreement. It provided for the writing of the script by the playwright, Van Druten. Prior to that date and anticipating a written contract, Van Druten worked on a script which he delivered to the plaintiff. Van Druten died on December 19, 1957, not having signed the agreement, nor did he render any services pursuant to any written agreement. The plaintiff does not state a specific date on which it signed the agreement that was mailed to it by defendant Voelker. The defendants claim that it was signed after the death of Van Druten. The agreement provides that ‘ ‘ This contract * * * shall be effective only when countersigned by the Dramatists (Guild).” It was never countersigned by the Guild. Plaintiff claims that it had practically a finished script written by Van Druten prior to his death. The defendants assert it was merely a preliminary script, not acceptable. Based on the premise that that agreement was void, the parties thereafter considered the writing of the script of a play by some other playwright, which never came to pass.
In further support of their contention that there is no binding agreement with the plaintiff, the defendants point out that the plaintiff failed to make any of the preliminary payments required under the said agreement. This the plaintiff does not dispute. However, the plaintiff asserts that such payments were waived by the representatives of the defendant Voelker, without naming who such representatives are or when and how such a waiver was expressed. Defendant Voelker denies unequivocally that he ever waived the requirement on the part of the plaintiff to make any payments or gave any authority to anyone to waive the same.
Under an agreement dated May 9, 1958, defendant Carlyle acquired the motion picture rights in the novel of defendant ■ Voelker. Before entering into a contract with the defendant *848 Carlyle for financing the production and distribution of a motion picture based on the said novel, defendant Columbia made its own investigation of the outstanding rights or claims of the plaintiff and of the parties. It has expended in the production of the motion picture $2,275,000, exclusive of prints and advertising, for which it claims it has expended approximately another $500,000. The production of the picture has been completed and Columbia has entered into contracts for the release of the picture to over 200 exhibitors throughout the country, beginning, as has been stated, July 2, 1959. On the other hand, plaintiff has not paid any money under the contract nor expended any money in the production of a play under the contract.
These are the salient facts one can gather from the voluminous papers submitted on this motion. Therefore, in the court’s opinion this is not a situation where the plaintiff’s case is one with considerable merit although not wholly without doubt. It is one with much doubt as to the validity of the plaintiff’s claim. Moreover, there are present other elements indicating a balance of hardships tipping decidedly toward the defendants. Therefore, under these facts it cannot be said that the defendants are willful infringers and their investments should not be given immunity from the injunctive remedy.
Although the plaintiff could well have made this application several weeks prior to the time it did, the court is not basing its decision on any claim of laches. Nor is the court basing its decision on this application on the labored point that the defendant Voelker has not been served and is a necessary party defendant. It has been pointed out that an order was signed by Mr. Justice Gold of this court directing a reference to determine the sufficiency of the service of process upon the defendant Voelker (19 Misc 2d 843).
For the foregoing reasons, the motion is denied.